UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 10-20705

ALI DARWICH,

    Defendant.
    _____/

**ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF AN EXPERT**

Before the court is a motion filed pro se[1] by Defendant Ali Darwich, which is entitled "Motion for Appointment of an Expert to Assist the Defense at Public Expense."

Under 18 U.S.C. § 3006A, "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). If the court finds that the services are necessary and that the defendant is unable to afford them, the court shall authorize counsel to obtain the services at public expense. *Id.* Here, Defendant has failed to show, or even allege, why an expert is necessary. Defendant correctly identifies the statutory standard, and then proceeds to make various discovery

---

[1] On January 31, 2011, the court issued an order directing Defendant Ali Darwich to cease filing documents pro se while he is represented by counsel. The instant motion was filed March 1, 2011, and would have been stricken in accordance with the court's previous order, except that on March 2, 2011, the court granted Defendant's oral motion to represent himself. As Defendant Darwich now proceeds pro se, the court will address the motion.

demands which are wholly unrelated to the issue of appointment of an arson expert.[2] The court is at a loss as to what documentation must be reviewed by an expert, or why it must be reviewed. Defendant includes no explanation whatsoever as to why an expert is necessary. The court cannot appoint an expert at public expense without the requisite showing of necessity, and Defendant has fallen far short of meeting that standard. Accordingly,

IT IS ORDERED that the Defendant's "Motion for Appointment of an Expert to Assist the Defense at Public Expense" [Dkt. # 95] is DENIED.

                 S/Robert H. Cleland
                 ROBERT H. CLELAND
                 UNITED STATES DISTRICT JUDGE

Dated: March 4, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel and pro se parties of record on this date, March 4, 2011, by electronic and/or ordinary mail.

                 S/Lisa Wagner
                 Case Manager and Deputy Clerk
                 (313) 234-5522

---

[2] It does not appear that any of the discovery demands fall within the purview of Federal Rule of Criminal Procedure 16, with the *possible* exception of the referenced May 22, 2009, "original statement." However, without a more targeted motion, with further details, the court will not rule on such ambiguous requests. (Def.'s Mot. ¶ 4 ("[T]he Defendant he whant [sic] original statement in May 22, 2009.").)