UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                               Case No. 10-20705

ALI DARWICH,

    Defendant.
_____/

### ORDER REGARDING STAND-BY COUNSEL

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court "recognized a defendant's Sixth Amendment right to conduct his own defense." *McKaskle v. Wiggins*, 465 U.S. 168, 170 (1984). On March 2, 2011, Defendant Ali Darwich elected to exercise his "Faretta rights" and represent himself in the instant case. In order to represent himself a defendant must "knowingly and intelligently forgo[] his right to counsel and . . . [be] able and willing to abide by rules of procedure and courtroom protocol." *Id.* at 173. At the March 2, 2011, hearing this court determined that Defendant "knowingly and intelligently" waived his right to counsel, and also determined that the appointment of standby counsel was necessary to assist Defendant through the complexities of courtroom protocol and procedure. *McKaskle*, 465 U.S. at 183.[1] Since that time Defendant has expressed frustration and confusion over the role of standby counsel. The court now provides general instructions and guidance to Defendant and to standby counsel.

---

[1] The court's authority to appoint such counsel extends even over an objection by a defendant. *McKaskle*, 465 U.S. at 183.

### A. Control of the Darwich's Defense

Standby counsel does not represent Defendant. Counsel bears no responsibility for presenting a defense. Instead, Defendant exercises actual control over the case. Defendant will be "allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle*, 465 U.S. at 174. Conversely, the role of standby counsel is mainly to observe. He will be seated behind the bar and may give advice when asked, but he generally may neither speak for Defendant in front of the jury nor proffer motions on Defendant's behalf on any matter of importance. *McKaskle*, 465 U.S. at 177. Nonetheless, while standby counsel's participation is necessarily circumscribed, there is "no absolute bar on standby counsel's unsolicited participation," and standby counsel will not be "categorically silenc[ed]." *McKaskle*, 465 U.S. at 176-177. Further, "[a] pro se defendant must generally accept any unsolicited help or hindrance that may come from the judge who chooses to call and question witnesses, from the prosecutor who faithfully exercises his duty to present evidence favorable to the defense, from the plural voices speaking 'for the defense' in a trial of more than one defendant." *Id.* at 177 n.7.

Fundamentally, standby counsel must not substantially interfere with any significant tactical decisions. *Id.* at 178. Unless Defendant withdraws his request to represent himself, or the court otherwise directs, standby counsel must not act in any manner which would destroy the jury's perception that Defendant is representing himself. *McKaskle*, 465 U.S. at 178.

### B. Standby Counsel's Preparation

Standby counsel must familiarize himself with the issues in the case and attend all proceedings. Standby counsel must be available in case Defendant chooses to consult and, additionally, standby counsel must be available immediately to take over the case if the court determines that Defendant is no longer able to represent himself. However, Defendant is not entitled to "hybrid" representation, either he represents himself or is represented by an attorney. Standby counsel and Defendant are not permitted to act as co-counsel.

### C.  Standby Counsel's Role in Court

Standby counsel's participation *outside the presence of the jury* will not be as limited as his behavior in the jury's presence. This court is "capable of differentiating the claims presented by a pro se defendant from those presented by standby counsel." *McKaskle*, 465 U.S. at 179 (citations omitted). *Faretta* rights are adequately preserved when, in proceedings outside the presence of the jury, "the pro se defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the pro se defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel." *Id.* Ultimately, so long as Defendant represents himself, his strategic decisions, not standby counsel's, will prevail. *Id.* at 181.

### D.  Standby Counsel's Procedural and Clerical Duties

This court "is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out." *Martinez*, 528 U.S. at 162 (citing *McKaskle*, 465 U.S. at 183-84). Faretta rights are "not infringed when standby counsel assists the pro se defendant in

overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete." *McKaskle*, 465 U.S. at 183. They are also not "infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* "A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel-even over the defendant's objection-to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *McKaskle*, 465 U.S. at 184. At trial, participation by standby counsel is allowable "to steer a defendant through the basic procedures . . . even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense." *Id.*

Standby counsel shall, upon request of the court, help with the "basic mechanics" of trial preparation and trial, including such things as supplying court forms, advising Defendant about courtroom procedures, or helping with issues otherwise "attendant to routine clerical or procedural matters." *Id.* at 184-85. When the Government files a document on the docket, it shall mail copies of the document to Defendant. However, standby counsel shall facilitate the transmission of all discovery materials from the Government to Defendant.

This order provides the basic structure of the relationship between Defendant and standby counsel. The court will, as needed, issue specific instructions when necessary to implement the general principles of this order. Accordingly,

IT IS ORDERED that Defendant and standby counsel are DIRECTED to adhere to the principles announced in this order.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 10, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2011, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522