UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Case No. 10-20705

ALI DARWICH,

    Defendant.
                              /

**NOTIFICATION AND CAUTIONS TO PRO SE DEFENDANT
REGARDING SELF-REPRESENTATION STANDARDS AND REQUIREMENTS**

On March 2, 2011, the court held a hearing on Defendant Ali Darwich's motion to dismiss the indictment. In the midst of the hearing, Defendant Darwich requested that he be allowed to represent himself as allowed under the Sixth Amendment. In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court "recognized a defendant's Sixth Amendment right to conduct his own defense." *McKaskle v. Wiggins*, 465 U.S. 168, 170 (1984). Defendant has elected to exercise his right to represent himself in this case. In order to represent himself a defendant must "knowingly and intelligently forgo[] his right to counsel and . . . [be] able and willing to abide by rules of procedure and courtroom protocol." *Id.* at 173.

At the March 2, 2011, hearing this court determined that Defendant "knowingly and intelligently" waived his right to counsel. Since that time, Defendant has continuously represented himself, with the assistance of court-appointed standby counsel Fred Walker. On April 11, 2011, the court conducted a status conference, on the record, with all Defendants in this matter and their counsel. During the proceeding,

Defendant objected to the imposition of Mr. Walker as standby counsel.  The court overruled the objection.   The court's authority to appoint such counsel extends even over an objection by a defendant.  *McKaskle*, 465 U.S. at 183.  Mr. Walker is uniquely situated to provide standby services due to his prior status as court-appointed counsel for Defendant.  The only specific objection to Mr. Walker raised by Defendant is his frivolous assertion that Mr. Walker has threatened Defendant that he, or the Assistant United States Attorney, or both would send "the Mafia" to beat or kill him, as they are both purportedly working for "the Mafia."  Defendant has made similar allegations about the Assistant United States Attorney, the federal agents involved in this case, and the undersigned judge who, according to Defendant's statement on the record in court, is "the leader of the gang."

The court is convinced that Defendant will object, either at the outset or subsequently, to *any* attorney appointed as his standby counsel.  There is no evidence of any improper conduct by Mr. Walker.  Defendant's over-dramatic and mendacious assertions are either drastically misconceived or he has raised them deliberately in an effort to upset the proceedings.  There is therefore no basis to grant Defendant's request to appoint a different standby counsel and Mr. Walker will continue to perform his standby duties, as outlined by separate order, until further notice from the court.

At virtually every in-court appearance which Defendant has made since electing to represent himself, the court has encountered difficulty in maintaining the degree of decorum required in the courtroom.  Defendant has a tendency to react to unfavorable rulings of the court with angry outbursts, interruptions, and generally disruptive behavior.  Most recently, during the April 11, 2011, hearing, Defendant's refusal to

restrain his outbursts resulted in a significant delay in proceedings. The court was required to wait several minutes while deputy U.S. Marshals issued behavior warnings to Defendant and two other defense attorneys, speaking to Defendant in Arabic, attempted to persuade Defendant about the importance of controlling his temper and following proper court protocol. The court will not be so tolerant of such outbursts, and the resulting delays of court proceedings, in the future. In recognition of the importance of the right to self-representation, the court has thus far attempted to afford Defendant a high degree of patience. The court understands that Defendant is untrained in the law and he appears to be unaccustomed to the formality of court proceedings. The court, of course, will not demand an exacting degree of professionalism or formality from Defendant.

However, the court will require a basic level of respect for the dignity of the courtroom –greater than has thus far been shown– and a degree of respect for this court's rulings higher than has been displayed by Defendant to date. When a motion is made or an objection raised, and the court rules, that is generally the end of the matter. Litigants are not permitted to argue with the court after a ruling, to comment, or to complain in response to the court's statement. A courtroom is not a forum for hurling insults, yelling, open-ended debate, or unstructured roundtable discussions. When the court speaks the litigants are expected to be silent and listen. On all these points, and more, Defendant has been woefully deficient. His in-court behavior will improve or there will be consequences.

"*Faretta* . . . and later cases have made clear that the right of self-representation is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). Defendant must take

notice that if similar unruly behavior continues, he may well lose his ability to assert that right. "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta*, 422 U.S. 806, 834 n.46 (1975). Further, the right "can be lost by disruptive behavior during trial, constituting constructive waiver." *United States v. Dougherty*, 473 F.2d 1113, 1124 (1972). Indeed, "deliberate dilatory or obstructive behavior may operate in effect as a waiver of his pro se rights." *Id.* at 1125. Defendant's self-representation rights do not "permit subversion of the core concept of a trial," and thus "obstreperous behavior may constitute waiver" of Defendant's *Faretta* rights. *Id.* (citing *Illinois v. Allen*, 397 U.S. 337 (1970)). As the *Faretta* Court recognized, "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46 (citing *Illinois*, 397 U.S. 337). "Even at the trial level . . . the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Martinez v. Court of Appeal of California*, 528 U.S. 152, 162 (2000); *see also generally Sell v. United States*, 539 U.S. 166, 180 (2003) ("[T]he Government has a concomitant, constitutionally essential interest in assuring that the defendant's trial is a fair one.").

Finally, the court reminds Defendant that this court "is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out." *Martinez*, 528 U.S. at 162 (citing *McKaskle*, 465 U.S. at 183-84). If Defendant intends to continue his self-representation, he will need to quickly educate himself on the Federal Rules of Criminal Procedure, the

4

Federal Rules of Evidence, and the local rules of this court.  Additionally, Defendant will need to educate himself on proper courtroom decorum, including the basic principles of order and courtesy—principles which, as mentioned above, Defendant has not mastered.  Defendant Darwich will not be allowed to unnecessarily interrupt Government's counsel, his codefendants' counsel, or witness testimony.  Correspondingly, the court will not allow other counsel to unnecessarily interrupt Darwich.

Most importantly, when the court speaks, Defendant must listen.  When the court rules, Defendant must comply.  He may preserve any objection, but he must be prepared to move on after the court has ruled.  Further obstreperous behavior, such as that displayed at the April 11, 2011, conference, simply will not be tolerated.  Accordingly,

DEFENDANT DARWICH IS HEREBY NOTIFIED that self-representation carries with it the responsibility to adhere to all prevailing rules and procedures of court, including, but not limited to, those important features of courtroom protocol described in the body of this Notification.

DEFENDANT IS FURTHER CAUTIONED that additional actions taken by him with the apparent intent to undermine this court's authority or degrade the order and timeliness of court proceedings may result in a finding, with or without further admonition by the court, of constructive waiver of Defendant's right to self-

5

representation and court appointment of an attorney to undertake Defendant's representation for all subsequent proceedings.

    IT IS SO ORDERED.


                                  S/Robert H. Cleland
                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE

Dated: May 10, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2011, by electronic and/or ordinary mail.

                                  S/Lisa Wagner
                                  Case Manager and Deputy Clerk
                                  (313) 234-5522