UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 10-20705

ALI DARWICH,

    Defendant.
                                                    /

**ORDER DENYING DEFENDANT'S MOTION FOR THE GOVERNMENT TO
PRODUCE DISCOVERY AND DENYING DEFENDANT'S
MOTION AND REQUEST TO THE CLERK**

Before the court are two motions filed by pro se Defendant Ali Darwich: a "Motion and Request to the Clerk of the Courtroom,"[1] and a "Motion and Brief to Request the Government to Send all Document Discovery by the Clerk of the Court and Stop Send the Document to [Standby Counsel] Fred B. Wa[l]ker," which has been docketed as a "Motion [for the] Government to Produce Discovery." The Government filed a joint

---

[1] When the "Motion and Request to the Clerk" was docketed, the Clerk inadvertently attached another pro se document from Defendant to the same docket entry (Dkt. # 167). The motion itself is only two pages, but it must have been sent by Defendant in the same envelope as another document he filed on the same date. The other document is seven pages and is entitled "Motion and Brief in Response About the Government Brief and Response to Defendant's Motion to 'Open Seal Document and Give Copy to Defendant,'" but is in reality a reply to the Government's April 6, 2011, Response (Dkt. # 142). In this order the court will address only those issues raised in the first two pages of Docket Number 167, the "Motion and Request to the Clerk."

response to both motions on May 9, 2011.² For the reasons stated below, the court will deny the motions.

In both motions, Defendant complains that he does not want discovery material to be sent from the Government to his standby counsel, who then facilitates the transmission of the material to Defendant. Rather, Defendant wants the material to be filed on the docket of the court and the Clerk of the Court to send the material to him. Likewise, Defendant requests that the Clerk send various documents from the docket which were filed by his co-defendant counsel. Such materials should already have been provided either to Defendant himself or to standby counsel. Further, pursuant to this court's previous on-the-record instructions to standby counsel, as memorialized in the court's May 10, 2011, Order, it is standby counsel's responsibility to facilitate the transmission of discovery materials to Defendant. The court has imposed this obligation on standby counsel as an officer of the court in order to ensure the delivery of what may be large amounts of paperwork to an imprisoned pro se Defendant. Moreover, the court is unfamiliar with all of the many administrative rules and regulations governing mail and possession of documents in the prison where Defendant is currently housed. Delivery to standby counsel is the most practical way to ensure the materials are not lost, prohibited, or otherwise unavailable to Defendant.

Finally, it is not the court's or the Clerk of the Court's responsibility to handle such clerical tasks, essentially operating as an electronic storage facility and personal

---

²Most of the Government's response is directed at issues raised in that portion of Docket Number 167 which was inadvertently attached to the "Motion and Request to the Clerk." Accordingly, the court will not address those issues in this order. (*See supra* n.1.)

delivery service for Defendant.  *See McKaskle v. Wiggins*, 465 U.S. 168  (1984).  Discovery is not typically filed with the court, nor does the Clerk's Office typically provide such copying and delivery service to litigants at public expense.

The court recognizes that Defendant's incarcerated status presents certain difficulties to him in the preparation of his defense.  It is one of the realities which the court attempted to communicate to Defendant when Defendant insisted on representing himself in this criminal proceeding.  The court's appointment of standby counsel is intended to ease some of those administrative difficulties.  There is a limit on the court's willingness, however, to be dragged into the mechanical details of pretrial preparation.  The court will not impose such onerous obligations on the Clerk of the Court, nor does the court believe, in any event, that to do so would better provide Defendant with the materials he seeks.  Accordingly,

IT IS ORDERED that Defendant's "Motion and Request to the Clerk of the Courtroom" [Dkt. # 167] and Defendant's motion docketed as a "Motion [for the] Government to Produce Discovery" [Dkt. # 165] are DENIED.

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 24, 2011, by electronic and/or ordinary mail.

  S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522