**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                        Case No. 10-20705

ALI DARWICH,

       Defendant.

_____/

**ORDER DENYING DEFENDANT ALI DARWICH'S MULTIPLE MOTIONS AND
REQUESTS FOR DISCOVERY**

Before the court are a series of motions, requests, affidavits and other documents seeking discovery in this criminal matter, filed by pro se Defendant Ali Darwich.  The Government has responded to some of them, and Defendant's standby counsel has filed a memorandum detailing the efforts undertaken by standby counsel to facilitate discovery.  The court discussed the status of discovery on the record during a status conference on June 13, 2010.  For the reasons stated on the record, and briefly stated below, the court will deny the motions and requests.

Defendant seeks a staggering degree of discovery, but "[t]here is no general constitutional right to discovery in a criminal case."  *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977).  Rather, "in most criminal prosecutions, the *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled."  *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988).  The Government has represented that it will comply with all of its discovery obligations, including those set forth in Federal Rule of Criminal Procedure 16 and this court's standing order

regarding discovery.  (Dkt. # 113 at 10-11.)  Indeed, from the court's understanding of the Government's production, as described both by the Government as well as by standby counsel, the Government has gone well beyond any statutory or constitutional obligations.

The Government has also represented, on numerous occasions, that it is aware of its responsibilities under *Brady v. Maryland*, 373 U.S. 83 (1963), and will comply or has already complied with those responsibilities.  (Dkt. # 13, 7.)  In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  *Brady,* 373 U.S. at 87; *see also United States v. Bagley,* 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 150 (1972).  However, "while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, *the government typically is the sole judge of what evidence in its possession is subject to disclosure.*"  *Presser*, 844 F.2d at 1281. The Supreme Court has stated that the "defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [Government's] files." *Pennsylvania v. Ritchie,* 480 U.S. 39, 59-60 (1987) (citations omitted).  Indeed, the "Court has never held—even in the absence of a statute restricting disclosure—that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary."  *Id.*  Thus, when a defendant makes a request for *Brady* material, it is the Government "that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld

2

and brings it to the court's attention, *the prosecutor's decision on disclosure is final*." *Id.* (emphasis added) (footnote omitted). Consistent with this authority, the court will not issue an order compelling pre-trial discovery where, as here, the government has stated that it is aware of its obligations under *Brady*. As the Sixth Circuit stated in *Presser*, "the government has represented that it will comply with all of its *Brady* obligations in time for effective use of the *Brady* material at trial. The *Brady* doctrine did not create a constitutional right of pre-trial discovery in a criminal proceeding." *Presser,* 844 F.2d at 1284 (citing *Weatherford v. Bursey,* 429 U.S. at 559).

To the extent Defendant seeks any prior statements of prospective Government witnesses, whether from grand jury testimony or elsewhere, the Jencks Act expressly precludes such discovery at this stage of the proceedings. *See* 18 U.S.C. § 3500 ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."). Defendant cannot utilize *Brady* to attain what is prohibited by the Jencks Act. *Presser*, 844 F.2d at 1283. The Government will be required, of course, to turn over any statements after their witnesses testify but, until such time, the Government is not mandated by the Constitution or the Jencks Act to produce the statements. The Sixth Circuit has held that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial,

3

we fail to see how the Constitution is violated."[1]  *Id.*

Finally, based on the on the record representations of the Government's counsel during the June 13, 2011, status conference, as well as the representations of standby counsel in his June 1, 2011, memorandum, it is abundantly clear to the court that while the Government is making every effort to voluntarily provide discovery to Defendant, Defendant is wilfully refusing to participate in the process in good faith.  Twice the Government has made arrangements to provide Defendant with an opportunity to inspect physical items and twice Defendant has invented a wholly frivolous reason to refuse to participate.  Standby counsel has attempted to deliver to Defendant discovery materials, which Defendant has refused.  Standby counsel has attempted to deliver the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, which Defendant has refused.  Standby counsel has attempted to deliver to Defendant copies of various Rule 11 agreements, which Defendant has refused.  In short, despite his demands and protestations to the contrary, it is Defendant who is not participating in the discovery process, not the Government.  Thus, all of his discovery requests are superfluous after his continued obstructionist behavior in this regard.  Accordingly, for all of these reasons, as well as those expressed further on the record,

---

[1]Similarly, Defendant "[is] not entitled to know, in advance of trial, who [is] going to testify for the government."  *United States v. Dark*, 597 F.2d 1097, 1099 (6th Cir. 1979).

IT IS ORDERED that Defendant Darwich's discovery motions [Dkt. ## 104, 124, 136, 168, 195], along with all of the various affidavits, documents, and other requests filed in pursuit of such discovery, are DENIED. [2]

 S/Robert H. Cleland                
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 24, 2011, by electronic and/or ordinary mail.

 S/Lisa Wagner                 
Case Manager and Deputy Clerk
(313) 234-5522

---

[2]This order denies all requests for discovery made in any document filed with the court.  Because of the sheer volume of documents that Defendant files with the court, the court specifically lists only those which have been docketed as a motion.

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-20705.DARWICH.Pre-Trial.Discovery.wpd