UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case No. 10-20705

ALI DARWICH,

    Defendant.
                                           /

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On May 24, 2011, pro se Defendant Ali Darwich filed a document which the Clerk's Office has correctly interpreted, and docketed, as a motion for reconsideration. In his motion, Defendant attempts to "appeal" previous rulings of this court directly to this court, rather than to the Sixth Circuit Court of Appeals, presumably because the Court of Appeals has already indicated, in its April 8, 2011, order, that it lacks jurisdiction of pretrial rulings of this court. (Dkt. # 150, dismissing appeal for lack if jurisdiction.). "Appeals" to the same judge who issued the unfavorable ruling are generally governed by Eastern District of Michigan Local Rule 7.1(h) as a motion for reconsideration. See E.D. Mich. LCrR 12.1(a) (providing that criminal motions are governed by Local Rule 7.1).

Local Rule 7.1 provides that a motion for reconsideration shall be granted if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious,

clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

While Defendant cites to a multitude of unfavorable rulings made by this court, he fails to identify a single palpable defect in any of the decisions. Instead, he argues generally that the rulings were incorrect, or designed to cover the truth, or the result of this court's purported bias against him. None of these baseless arguments, however, provide a basis to revisit the court's previous rulings. A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). As Defendant is simply rearguing his already resolved motions, reconsideration will be denied. Accordingly,

IT IS ORDERED that the Defendant's May 24, 2011, filing, docketed as a motion for reconsideration [Dkt. # 192] is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: July 28, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2011, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522