**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 10-20705

ALI DARWICH,

    Defendant.
                              /

**ORDER DENYING VARIOUS MOTIONS FOR INVESTIGATIVE EXPERT**

Before the court are multiple documents requesting that the court appoint an "investigative expert," filed by pro se Defendant Ali Darwich. On August 8, 2011, Defendant filed a "Motion to [sic] Investigative Expert," which seems to be related to a document filed August 4, 2011, entitled a "memorandum" in support of a motion for an investigator. Finally, Defendant filed a motion to "open sealing," docketed as a "motion to unseal," again related to his request for an investigator.[1]

Under 18 U.S.C. § 3006A, "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). If the court finds that the services are necessary and that the defendant is unable to afford them, the court shall authorize counsel to obtain the services at public expense. *Id.* The court has several times denied Defendant's requests to appoint experts, each time explaining

---

[1] The motion does not appear to be requesting that the court "unseal" his previous motion, but instead appears to be requesting that the court rule on his previous motion.

that Defendant had failed to show, or even allege, why it is necessary to appoint an expert at public expense.

Defendant now attempts to explain further why such services are necessary. The court accepts that Defendant is at least facially unable to pay for such services, but is still unpersuaded that appointment is required. Having reviewed the list of topics which Defendant wishes the requested expert to investigate, it is clear to the court that Defendant either seeks information as to issues already definitively decided by the court, information which is irrelevant, or, most prominently, information which could be obtained through Defendant's stand-by counsel. The statutory standard for an expert is thus still unmet, and the court will deny his motions. Accordingly,

IT IS ORDERED that Defendant's "Motion for Investigative Expert . . ." [Dkt. # 225], his related memorandum [Dkt. # 223], and his motion to unseal [Dkt. # 238] are DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: September 8, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2011, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-20705.DARWICH.Investigator.223.225.238.wpd