**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    Case No. 10-20705

ALI DARWICH,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO QUASH, "MOTION TO SEPARATE**
**TRIAL," AND MOTION TO DISMISS**

Before the court are three motions filed by pro se Defendant Ali Darwich which

appear to address similar issues: (1) an August 16, 2011, motion to quash, (2) an

August 19, 2011, "Motion to Separate Trial," and (3) an August 29, 2011, motion to

dismiss.  All three motions complain about this court's prior rulings relating to his

purported "Kastigar" immunity agreement, and an alleged conspiracy between this

court, the Government, and others to "protect the mafia."  The three motions raise

related arguments regarding discovery or evidentiary hearings wanted in order to revisit

these rulings.  The court has addressed these frivolous arguments on numerous prior

occasions.  The court will deny them again now.

The local rules provide that criminal motions are generally governed by the local

civil rule related to motions.  *See* E.D. Mich. LCrR 12.1(a) (providing that criminal

motions are governed by Local Rule 7.1).  Local Rule 7.1 provides that a motion for

reconsideration shall be granted if the movant can (1) "demonstrate a palpable defect

by which the court and the parties have been misled," and (2) "show that correcting the

defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).   A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). As Defendant is simply rearguing issues that have already been resolved, multiple times, without presenting any palpable defect by which the court has been misled, reconsideration will be denied. Accordingly,

IT IS ORDERED that the Defendant's August 16, 2011, motion to quash [Dkt. # 232], his August 19, 2011, "Motion to Separate Trial" [Dkt. # 240], and his August 29, 2011, motion to dismiss [Dkt. # 256] are DENIED.[1]

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2011, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1]Docket number 220, entitled a "Memorandum re: Motion to Quash," was not docketed as a motion, but appears to relate to the same subject matter. To the extent it is interpreted as a motion, it is denied for the reasons stated above.

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-20705.DARWICH.Reconsideration.232.240.256.wpd