UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 10-20705

ALI DARWICH, et al,

        Defendants.
                                                    /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR A COPY . . ."**

Before the court is pro se Defendant Ali Darwich's "Motion for a Copy . . .," filed on August 23, 2011. In his motion, Defendant refers to an August 15, 2011, letter which the court sent to the Assistant United States Attorney in this matter, with copies to Defendant Darwich, the local United States Marshal, and Defendant's Stand-by Counsel, Fred B. Walker. The court letter is attached to Defendant's motion, and is signed by the court's case manager. In the letter, the court's case manager explains that the court received a letter, not a motion, directly from Defendant Darwich (the "Darwich letter"), and in order to avoid the appearance of ex parte communications, a copy of the Darwich letter was sent to the Government, and all the copied individuals. Defendant also attaches a copy of the Darwich letter to the instant motion. Defendant's motion is somewhat difficult to decipher, but it appears he is asserting that the August 15, 2011, letter is somehow evidence of ex parte communications, and he requests copies of all communications between the court and the Government. There are no such improper ex parte communications.

Defendant also appears to request that this court disqualify itself because of these purported ex parte communications. Disqualification is governed by 28 U.S.C. § 455 and "[i]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). Defendant's unsupported allegations do not give rise to any valid basis for disqualification. It is apparent to the court that Defendant's allegations relate solely to the court's rulings as the presiding judge over Defendant's pretrial proceedings and motions.   Accordingly,

IT IS ORDERED that Defendant Darwich's  "Motion for a Copy . . ." [Dkt. # 244] is DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2011, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-20705.DARWICH.Copy.244.wpd