**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 10-20705

ALI DARWICH,

    Defendant.
                                    /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL**

Before the court is a "Motion . . . to Disqualification and Recuse," filed by pro se Defendant Ali Darwich on July 3, 2012. The Government opposes the motion. The motion will be denied.

Motions for disqualification are governed under 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Defendant has made similar requests for disqualification of this court in the past, which the court has denied. (*See* e.g., 9/12/02 Petition; 9/17/02 Order; 10/23/02 Order.) The court will likewise deny his current motion.

"In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.,*

324 F.3d 409, 423 (6th Cir. 2003)).  Therefore, it is not an abuse of discretion to deny a motion to disqualify where, as here, the motion "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench."  *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir. 1984).[1]

Defendant relies almost exclusively on this court's prior rulings as "evidence" of the court's alleged bias.  He cites the court's denial of earlier motions for an investigator and motions to replace stand-by counsel.  The Supreme Court has made clear that " judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994).  In *Liteky,* the Court explained the "extrajudicial source doctrine," holding:

> In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.  An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States,* 255 U.S.

---

[1] Indeed, as the Supreme Court has noted, "[i]mpartiality is not gullibility.  Disinterestedness does not mean child-like innocence.  If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (quoting *In re J.P. Linahan, Inc.,* 138 F.2d 650, 654 (2nd Cir. 1943)).

> 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.,* at 28 (internal quotation marks omitted).  *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune.

*Id.,* 510 U.S. at 555-556.  Under the principles announced in *Liteky*, the court finds that Defendant has failed to allege facts reasonably calling into question this court's impartiality.  *See* 28 U.S.C. § 455(a).

Defendant takes issue also with the fact that a letter he addressed to the court was provided to the United States Marshal.  As the court has earlier explained to Defendant on the record, the court's staff will regularly forward any letter containing language such as Defendant's for whatever investigation the Marshal may deem fit.  A court taking appropriate steps to insure security does not amount to evidence of that court's bias toward the litigant who produced the material giving rise to the security concern.  If courts regularly found such incidents to be a basis for disqualification, merely by sending such ex parte letters to the presiding judge litigants could manufacture a showing of "bias."  That result would be nonsensical, and would improperly encourage judge-shopping.  Fundamentally, such letters are evidence only of the sender's behavior, not the court's.  Defendant has identified no evidence of bias here.

Because Defendant has failed to allege any facts showing a personal or extrajudicial bias or prejudice of this court, his motion must therefore be denied. Accordingly,

IT IS ORDERED that the Defendant's July 3, 2012 "Motion . . . to Disqualification and Recuse" [Dkt. # 516] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 13, 2012, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522