UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 10-20705

ALI DARWICH,

    Defendant.
                                      /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR INVESTIGATOR**

Before the court is a "Motion For Investigator" [Dkt #486] filed by pro se Defendant Ali Darwich on June 4, 2012. The Government takes no position. The motion is unpersuasive and will be denied.

Defendant claims that he needs an investigator to assist him. He emphasizes that he is proceeding pro se, but seems to ignore the fact that he has an attorney being paid by the court to assist as needed. Defendant requests an investigator in general "to establish his defense," but more specifically "to retrieve financial records in the United States and Lebanon in support of his defense; to investigate his state cases as they relate to the charges in this case; to investigate, interview and take statements from government witnesses and co-defendants who will testify at trial; to investigate the arson reports and conclusions to be used by the government; to investigate the circumstances and statement of Fatima Houssein Toufaili in her 302 statements to the government; to investigate, locate and subpoena witnesses to establish Defendant's marriage to Fatima Houssein Toufaili; to investigate and locate the original Kastigar

letter signed by Defendant Darwich; to investigate and subpoena attorney Arthur Weiss regarding his role in Defendant's immunity for these purposes."

The court has not been informed by Defendant how any of these things bear upon a defense to the charges in the indictment. "Financial records in the United States and Lebanon" and "state cases" do not, as far as the court can determine, "relate to the charges in this case." Defendant's standby attorney can just as easily "investigate, interview and take statements from government witnesses and co-defendants who will testify at trial," including Fatima Houssein Toufaili, and at least preliminarily "investigate the arson reports and conclusions to be used by the government." There has been no showing or suggestion that he has been unwilling or unable to do so. Being able to "establish Defendant's marriage to Fatima Houssein Toufaili" does not, in any way recognizable to the court, bear on a defense of this case, and "the original Kastigar letter signed by Defendant Darwich" has already been provided according to the government. Defendant's standby attorney is capable of subpoenaing "attorney Arthur Weiss regarding his role in Defendant's immunity," assuming that such information is relevant and admissible at trial, which the government contest in a separate motion. The court thus finds that an investigator is not "necessary for adequate representation." 18 U.S.C. § 3006A(e)(1). Accordingly,

IT IS ORDERED that the Defendant's "Motion For Investigator" [Dkt # 486] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2012, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522