**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 10-20705

ALI DARWICH,

    Defendant.
                                    /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DETERMINE SPOUSAL PRIVILEGE**

Defendant presents his "Motion to Determine Spousal Privilege" filed pro se on June 15, 2012. The Government has filed a response in opposition incorporating its extensive and well-documented response to an earlier version of this motion. Defendant has replied to several Government responses, but not to this.

Defendant argues that he and co-defendant and potential witness Fatima Toufaili were "married in a ceremony conducted by telephone while Toufaili was in Lebanon and Darwich was in Michigan." He does not claim that such an arrangement constitutes a lawful marriage under Michigan law (it certainly does not – *see* Mich. Comp. Laws §551.101), but does assert that it was lawful under Lebanese law. He submits indecipherable handwritten documents to support that contention, and suggests that these documents "will be translated from Arabic to English by Ratib Habbal, the court-appointed interpreter." No such translation, however, has been submitted. Defendant has not presented the court with enough support —actually not any support— to justify a finding that he and Toufaili were at any time lawfully married.

Even if they were married, however, Toufaili's testimony against Darwich would not be barred because the privilege is inapplicable to marital communications concerning the commission of a crime in which both spouses are participants. *United States v. Sims,* 755 F.2d 1239 (6th Cir. 1985) (Under the joint participants exception, "confidential marital communications are not protected if they pertain to joint criminal activity of the spouses."). The Government correctly argues that this exception would be applicable in this case to the extent that the testimony in question concerned only those communications regarding joint criminal activity. In addition, the other principal form of marital privilege, that against adverse spousal testimony, again assuming that a spousal relationship existed, would be only Toufaili's to exercise, and not Darwich's. *Trammel v. U.S.,* 445 U.S. 40 (1980).

IT IS ORDERED that the Defendant's "Motion to Determine Spousal Privilege" [Dkt # 491] is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: October 17, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2012, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522