UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 10-20705

ALI DARWICH,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO CHANGE INTERPRETERS**

On June 26, 2012, *pro se* Defendant Ali Darwich filed a motion to change interpreters.  In his motion, Defendant, who is of Lebanese descent, argues that the interpreter who has thus far been present for court proceedings, Mr. Ratib Habbal, being of Syrian descent, does not properly understand or translate Defendant's Arabic.  The Government takes no position on the motion, but offers its view that the Arabic spoken in Syria is nearly identical to that which is spoken in Lebanon, as both countries were part of the Ottoman Empire.[1]  The Government suggests that any minor differences in inflection are similar to the differences in English as spoken in Minnesota from that which is spoken in Michigan.

Defendant, however, asserts that there are unspecified differences between "Lebanies Arabic" and "Syria Arabic."  Defendant provides no support for this motion, offers no examples of alleged mistranslation, and cites no legal or factual authority for

---

[1] Having sat more than two decades on the Federal Bench, the court cannot recall another instance in which the time-line of the Ottoman Empire was relevant to a motion. Though the court does not base it's decision on the brief history presented by the Government, it's rarity is worth a mention.

the underlying premise that Arabic, as spoken in Syria, is of a markedly different dialect than that which is spoken in Lebanon. Moreover, a person's descent, of course, does not necessarily determine the skill with which he speaks a particular language. Defendant requires an Arabic translator, and Mr. Habbel is court-certified to translate Arabic. Further, though Mr. Habbel has thus far been the translator for every proceeding in this case, there is no guarantee, nor does the undersigned Judge even control, that he will be the translator for all upcoming proceedings. The court's staff simply requests from the Clerk's Office that a translator be provided, and the Clerk's Office provides an available translator. It is also the court's understanding that the pool for Arabic translators in this district is not plentiful. Finally, the court clarifies that Mr. Habbel is not the "official translator," as such, for Defendant's case--though the court would be satisfied if he were, as he is one of the most professional, meticulous, and efficient translators who have appeared before the court. Because Defendant has not shown any deficiency in Mr. Habbel's translations requiring his disqualification, Defendant's motion will be denied.

IT IS ORDERED that Defendant's motion to change interpreters [Dkt. # 504] is DENIED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2012, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522