**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    Case No. 10-20705

ALI DARWICH,

      Defendant.

_____/

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT ALI DARWICH'S
MOTION FOR INDIVIDUAL VOIR DIRE**

      Before the court is a "Motion for Individual Voir Dire . . .," filed on June 18, 2012, by pro se Defendant Ali Darwich. The Government has not responded to the motion. In the motion, Defendant submits proposed voir dire questions for the jury. Defendant further requests that he be allowed to personally question the jury. The court will grant the motion in part.

      "The conduct of the voir dire examination is discretionary with the trial judge." *United States v. Carabbia*, 381 F.2d 133, 136 (6th Cir. 1967). Under Federal Rule of Criminal Procedure 24(a), the court may examine prospective jurors or may permit the attorneys to do so. Fed. R. Crim. P. 24(a)(1). The court generally does not allow attorneys to question the witnesses, but in accordance with the Federal Rules, will allow the attorneys to submit further questions for the court to ask if it considers them proper. Fed. R. Crim. P. 24(a)(2). The court has broad discretion in determining which questions should be asked. *See Aldridge v. United States*, 283 U.S. 308, 310 (1931).

      Having reviewed Defendant's proposed questions, some, but not all, of his

questions are appropriate and, after further consideration, the court will ask the jury those questions which are proper.  The court, however, will not allow Defendant to personally question the jury, as it is against this court's typical practice to allow counsel to personally question the jury.

IT IS ORDERED that Defendant's "Motion for Individual Voir Dire . . ." [Dkt. # 495] is GRANTED IN PART AND DENIED IN PART.  It is DENIED in that the court will not allow Defendant to personally voir dire the jury.  It is GRANTED in part, in that the court will include in its questions to the jury the substance of various appropriately proposed questions submitted by Defendant.  The court does not now enumerate each of these because the necessities of questioning will often change as the questioning proceeds and answers are given..

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2012, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522