UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 10-20705

ALI DARWICH,

    Defendant.
                                       /

**ORDER GRANTING THE GOVERNMENT'S MOTIONS IN LIMINE**

Before the court are two motions in limine filed by the Government. Defendant Ali Darwich, proceeding pro se, has filed responses to the motions. After reviewing the briefs the court determines that a hearing is not necessary. The motions will be granted.

The Government first requests that the court preclude Defendant from any mention of his alleged "full immunity agreement," which has been the subject of countless motions filed by Defendant. The court has found that Defendant was never subject to a "full" immunity agreement, that he breached any limited agreement to which he was bound, and that as a result of this breach the Government is entitled to make full use of statements he made to federal authorities. (4/07/11 Order.) Nonetheless, Defendant persists in filing repetitive motions seeking to revisit this issue, somehow enforce his nonexistent rights, or otherwise argue that he is the victim of some vast (but illusory) conspiracy. The Government's obvious concern that Defendant will attempt to raise the issue, yet again, before the jury is, in the court's opinion, well-founded.

Also understandable is the Government's argument that any issue related to Defendant's alleged immunity agreement is not relevant to determining Defendant's guilt or innocence under Federal Rule of Evidence 401. Moreover, even if it were relevant, its probative value is substantially outweighed under Federal Rule of Evidence 403 by the danger of confusing the issues, misleading the jury, and even unfairly prejudicing Defendant as it could allow the Government to introduce explanatory evidence relating to the court's finding that Defendant provided false or misleading information to the Government. Any issue relating to Defendant's alleged immunity agreement is a legal issue, has already been determined by the court, and has absolutely no reason to be placed before the jury. The court will therefore exercise its discretionary authority to preclude Defendant from attempting to inject into the trial any discussion of an alleged immunity agreement. *United States v. Tilton*, 714 F.2d 642, 644 (6th Cir. 1983) ("[A] trial judge remains under a duty to conduct the trial in an orderly fashion, to insure that the issues are not obscured and to act at all times with a view toward eliciting the truth.").

Likewise, the court will also grant the Government's motion to preclude Defendant from presenting any defense, or raising any issue, relating to his allegations of selective prosecution. The Sixth Circuit has found that this issue is one for the court, not the jury. *See United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) ("[T]he defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury."). The court, also, has found no evidence of selective prosecution in this case, and will not allow Defendant to inject this issue into the criminal trial. While Defendant may cross-examine any Government witness as to

their bias, or credibility, he must refrain from any attempt to improperly introduce the issue of selective prosecution.  Stand-by counsel must carefully explain this distinction to Defendant in advance of trial, as directed below.

For the reasons stated above, the Government's motions in limine [Dkt. ## 454 &455] are GRANTED and Defendant is hereby PROHIBITED from any attempt to raise the issues of a "full immunity agreement" or selective prosecution during his jury trial.

**These rulings are binding orders on Defendant and should he choose to disregard them, he may be found to have waived his rights to proceed pro se.** *See United States v. Dougherty*, 473 F.2d 1113, 1125 (1972) ("Deliberate dilatory or obstructive behavior may operate in effect as a waiver of his pro se rights.").  Stand-by counsel is DIRECTED to carefully explain these rulings, and their implications, to Defendant.

                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated:  October 21, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 21, 2012, by electronic and/or ordinary mail.

                    s/Lisa G. Wagner
                    Case Manager and Deputy Clerk
                    (313) 234-5522