**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 10-20705

ALI DARWICH,

    Defendant.
                                                        /

**AMENDED ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS[1]**

Before the court is a motion to suppress evidence filed on June 25, 2012, by pro se Defendant Ali Darwich, challenging the fruits of a certain search warrant issued by United States Magistrate Judge Virginia M. Morgan. The Government responded to Defendant's arguments on June 27, 2012. After reviewing the briefs, the court determines that a hearing is not necessary and that the Defendant's argument is unpersuasive. For the reasons stated below, the court will deny Defendant's motion.

The United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment also "requires that probable cause be determined by a neutral and detached magistrate." *United States v. Smith*, 182 F.3d 473, 476 (6th Cir. 1999) (*quoting Johnson v. United States*, 333 U.S. 10, 14 (1948)). "Probable cause for a search warrant is defined as reasonable grounds for belief, supported by less than

---

[1]This order amends and supplants a previous order, correcting a typographic error.

prima facie proof but more than mere suspicion." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006) (*quoting United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "The probable cause requirement . . . is satisfied if the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched." *United States v. Trujillo*, 376 F.3d 593, 603 (6th Cir. 2004) (*quoting Greene v. Reeves*, 80 F.3d 1101, 1106 (6th Cir. 1996)). Thus, "only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." *Id.* at 603 (*quoting United States v. Davidson*, 936 F.2d 856, 860 (6th Cir.1991)). Furthermore, an affidavit supporting a search warrant need not establish beyond a reasonable doubt that incriminating evidence will be found at the place to be searched. *United States v. Savoca*, 739 F.2d 220, 224 (6th Cir. 1984) (citing *Illinois v. Gates*, 462 U.S. 213, 235 (1983)).

The Sixth Circuit instructs the reviewing court to "accord the magistrate's determination great deference." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (citations omitted). A "magistrate's discretion should only be reversed if it was arbitrarily exercised." *Id.* Nevertheless, as defendant points out, "[d]eference to the magistrate . . . is not boundless." *United States v. Leon*, 468 U.S. 897, 914 (1984). The Fourth Amendment requires "the issuing magistrate . . . simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Terry*, 522 F.3d 645, 648 (2008) (*quoting Gates*, 462 U.S. at 238).

Even a cursory review of the affidavit reveals more than a sufficient showing of probable cause to search the relevant properties.  The seven-page affidavit specifies various witnesses interviewed and events observed to suggest a criminal scheme to conspire with others to commit arson.  The scheme was clearly tied to Defendant Ali Darwich in connection with his business known as "Alex Home Rental & Construction" and/or "Dave Star Construction," and both of those businesses were tied to Defendant and to the two searched properties.

If the court had found that the affidavit did not support a finding of probable cause and that the magistrate's determination was arbitrary, the court would nonetheless find that the officers' reliance on the search warrant was reasonable and apply the "good faith" exception to the exclusionary rule.  *See United States v. Leon*, 468 U.S. 897 (1984).  "[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search."  *Id.* at 922 (quotations omitted).  Here, the court is persuaded that the officers' "reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues [was] objectively reasonable."  *Id.*

In his motion, Defendant argues, broadly, that the search warrant executed on his residence and business on December 31, 2008, was based on a false affidavit and any evidence seized from that search should be suppressed and returned.  Defendant provides no evidence for his assertions, nor does he detail the specific misrepresentations he alleges were contained within the affidavit.  Instead, Defendant continues his sweeping allegations of misconduct directed at every law enforcement officer who has touched his case file (not to mention his previous stand-by counsel and

the Assistant United States Attorney assigned to this case). Such general allegations, particularly in light of the persistent false assertions he has made in the past, do not entitle him to an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). He has entirely failed to make any preliminary showing that any statement contained in the affidavit was deliberately or recklessly false or was substantially relied upon by the magistrate judge in make the probable cause determination. *Id.* at 155-56. Thus, Defendant is not entitled to an evidentiary hearing.

For the reasons stated above, Defendant's June 25, 2012 motion to suppress [Dkt. # 500] is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: October 22, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 22, 2012, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522