**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 10-20705

ALI DARWICH,

    Defendant.

_____/

**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S
PROPOSED JURY INSTRUCTIONS**

Before the court are "Objections to the Government's Request to Charge," filed by pro se Defendant Ali Darwich. The objections are not supported by any brief or legal argument. The court has reviewed the objections and finds them to be wholly without merit for the reasons stated, briefly, below.

1. Defendant claims that the instruction is not relevant, but the court disagrees based on its understanding drawn from the factual statements given in numerous guilty pleas of co-conspirators. The objection is OVERRULED.

2. Defendant claims that the instruction is not relevant, but the court disagrees based on its drawn from the factual statements given in numerous guilty pleas of co-conspirators. The objection is OVERRULED.

3. The court will determine the propriety of this instruction depending on whether any such summaries are provided to the jury. The objection is, for now, OVERRULED.

4. If other acts are admitted over whatever objection(s) Defendant may have, this instruction will be required to avoid prejudice to defendant. The objection is OVERRULED.

5. If transcriptions are admitted, this instruction will be required to properly orient the jury. The objection is OVERRULED.

6. Defendant's objection is OVERRULED as impertinent and contemptuous.

7. Defendant objects generally, and without any explanation, to the instruction defining Counts 28 through 34, Use of Fire in Committing a Felony. The court has nonetheless independently altered this proposed instruction to more clearly describe the nexus between the use of fire and the underlying felony. The altered instruction reads in pertinent part as follows:

> (2) For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:
>
> (A) First, that the Defendant committed a felony for which he may be prosecuted in a court of the United States.
> (B) Second, that the Defendant knowingly used fire to aid in the commission of such crime. "Knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The court finds that the instruction, as amended, is an appropriate definition of the crime at issue. The objection is OVERRULED.

8. Defendant finally presents a request to charge in the following form: Defense Theory: I have immunity and I have promises from the government about anything related to arson. There is no organized crime. I am not connected with Hezbollah. The government agents are misleading the jury and the government to benefit his own self.

The court will reject this proposed theory of the case because it has been prohibited by the court's recent order in limine restraining Defendant from making exactly this argument: "Defendant is hereby PROHIBITED from any attempt to raise the issues of a "full immunity agreement" or selective prosecution during his jury trial. *(See* Order 10/21/2012 [Dkt. #545].) In that order, the court went on to reiterate, in bold font, this caution to Defendant: "These rulings are binding orders on Defendant and should he choose to disregard them, he may be found to have waived his rights to proceed pro se." (*Id.*) Pursuant to that order, the request to charge is DENIED.

For the reasons expressed above, IT IS ORDERED that Defendant Darwich's objections [Dkt. # 555] are OVERRULED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: November 5, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 5, 2012, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

C:\Documents and Settings\wagner\Local Settings\Temp\notes6030C8\10-20705.DARWICH.Objections.JuryInstructions.wpd