**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 10-CR-20705

ALI DARWICH D-4,

    Defendant.
_____/

**ORDER STRIKING PENDING MOTIONS**

Before the court are four motions filed pro se by Ali Hussein Darwich: a "Motion for Appeal Attorney," a "Motion for Reconsideration to Dismissal of the Indictment," a "Motion for Gran[d] Jury Testimony Transcript," and a "Motion for Mistrial." The court will strike the motions because, at the time of the filings, Defendant was represented by counsel. Thus, as the court has instructed Defendant before, all filings must be made by the attorney of record.

Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected both by the Sixth Amendment to the United States Constitution and by federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a

party may chose *either* to represent himself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel. A person represented by counsel must rely upon that counsel. *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 n.1 (E.D.Pa.1981); *United States ex rel. Snyder v. Mack*, 372 F.Supp. 1077, 1078-79 (E.D.Pa.1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writer). In light of this case law, the court will only accept motions filed by Defendant's attorney of record.

IT IS ORDERED that Defendant Darwich's "Motion for Appeal Attorney," "Motion for Reconsideration to Dismissal of the Indictment," a "Motion for Gran[d] Jury Testimony Transcript," and "Motion for Mistrial" [Dkt. ## 574, 586, 587, 588] are hereby STRICKEN from the docket of this court.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: February 6, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 6, 2013, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522