**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 10-20705

ALI DARWICH,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Pending before the court is Defendant Darwich's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. #683.)  The Government has filed a response, (Dkt. # 688), to which Defendant has replied (Dkt. # 690). The court will deny the motion.

**I.  BACKGROUND**

From 2005 to 2008, Defendant profited from a scam in which he orchestrated the flooding, vandalization, and torching of dozens of properties so that he could collect the insurance proceeds. He was arrested in late 2008 and charged with thirty-five counts of violating federal law in relation to the acts of arson and insurance fraud. Darwich elected to represent himself throughout much of the case, though after he made an opening statement and cross-examined a lead witness he handed off the case to his stand-by counsel, Craig Daly. On December 3, 2012, a jury convicted Defendant of thirty-three counts of violating federal law, including seven counts for the use of fire to commit fraud in violation of 18 U.S.C. § 844(h). Based on the sentencing scheme laid out in § 844(h),

which requires consecutive sentences for each count, Defendant faced a statutorily mandated 130 years in prison for those seven counts. Taking into account the other convictions, this court sentenced Darwich to 1,647 months in prison.

On appeal, Darwich was appointed new counsel, C. Mark Pickrell. Defendant's appellate counsel argued that the court erred in interpreting § 844(h) to require consecutive sentences. Darwich himself filled a supplemental brief and a motion to proceed pro se on appeal. The Sixth Circuit rejected the motion but accepted the supplemental brief, which argued that 1) he was subjected to selective prosecution; 2) he was denied the right to a fair trial by a jury of his peers; 3) the court erred in holding that he breached his immunity agreement with the Government; and 4) the court erred when it denied him funds to obtain a private investigator. The Sixth Circuit affirmed, rejecting all of Defendant's arguments. *United States v. Darwich*, 574 F. App'x 582 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1515 (2015).

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The defendant must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief

to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

Defendant identifies six grounds on which he bases his § 2255 petition: 1) ineffective assistance of counsel, 2) selective prosecution, 3) error based on the jury selection, 4) error based on the court's ruling as to the breach of Defendant's immunity agreement, 5) error based on this court's denial of funds to obtain a private investigator, and 6) error in charging him as ain aider and abettor.

At the outset, the court rejects Defendant's second, third, fourth, and fifth grounds because they were considered and rejected on direct appeal. Issues which are presented and decided on direct appeal may not be re-litigated in a § 2255 petition absent exceptional circumstances or an intervening change in the case law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996)). Darwich raised the selective prosecution, selective jury, immunity agreement, and private investigator issues in his supplemental pro se brief to the Sixth Circuit. The court of appeals addressed each of these claims and rejected them, thus this court declines the opportunity to address them, yet again, here.[1]

_____

[1] While the Sixth Circuit did not address Defendant's *Batson* claim on the merits, the regurgitated argument made here suffers from the same deficiencies. The Sixth Circuit held that the issue was waived because the record did not contain the voir dire transcript that was required to allow review of the claim. *Darwich*, 574 F. App'x at 591. Again, here, Defendant fails to provide or cite any portion of the voir dire transcript that could provide the necessary factual support for a *Batson* claim. Thus, for the same reasons explained by the Sixth Circuit, this court rejects Defendant's rehashed *Batson* argument.

Addressing Defendant's ineffective-assistance-of counsel claims, the court finds these claims meritless. *Strickland*'s two-part test for deciding claims of ineffective assistance of counsel under the Sixth Amendment requires Defendant to demonstrate that counsel's performance was deficient and that the deficiencies caused actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong, a defendant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* At the second prong, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The court is not persuaded that either Defendant's trial counsel or his appellate counsel performed ineffectively. At sentencing, trial counsel objected to the constitutionality but not the statutory construction of the § 844(h) consecutive sentencing provision. Defendant argues that counsel should have objected to the court's conclusion that the statute required consecutive sentences. Even in hindsight, this choice appears reasonable given the number of circuits, including the Sixth Circuit, that have held that § 844 provides for consecutive and not concurrent sentencing. *See, e.g.*, *United States v. Singer*, 782 F.3d 270, 279-80 (6th Cir. 2015); *United States v. Tolliver*, 730 F.3d 1216, 1228 (10th Cir. 2013); *United States v. Cain*, 671 F.3d 271, 278 n.2 (2d Cir. 2012). Additionally, the plain language of the statute clearly indicates that sentences under the provision are to be imposed consecutively. 18 U.S.C. § 844(h)(1) ("nor shall the term of imprisonment imposed under this subsection run concurrently with any other term if imprisonment"). Courts are generally loath to second-guess the

4

strategic choices of trial counsel, and this court cannot say that counsel erred, in a constitutional sense, by advancing the stronger of two arguments and leaving the other on the cutting-room floor. *See Jones v. Barnes*, 463 U.S. 745, 753 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments"). Thus, Defendant's argument concerning his trial counsel's ineffectiveness fails at the first *Strickland* prong.

Nor was Defendant's appellate counsel ineffective. If this court assumes, *arguendo*, that Defendant could succeed on the first *Strickland* prong, he certainly fails at the second. Darwich essentially argues that had Pickrell filed a brief that included the arguments contained in Peitioner's own *pro se* supplemental brief, the outcome of his appeal would have been different. This is not so. The Sixth Circuit considered those arguments raised in Defendant's own supplemental brief and rejected them. That rejection of the very arguments upon which Defendant now bases his ineffectiveness claim shows that Pickrell's failure (if it can be called that) did not prejudice Darwich. The Sixth Circuit almost certainly would have reached the same result whether the issues were raised by Darwich or by Pickrell. Thus, this court rejects Defendant's ineffective-assistance-of-counsel claims.

Lastly, though not a model of clarity, Darwich seems to claim that under *Rosemond v. United States*, 134 S.Ct. 1240 (2014), his indictment was defective because it did not "charge with exactitude the essential components of aiding and abetting." (Pet.'s Br. 49.) First, the court rejects this claim because it could have been, but was not, raised on direct appeal and is thus not properly presented in this collateral attack without a showing of cause and actual prejudice. *United States v. Frady*, 456

5

U.S. 152, 164-65 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Defendant has made no such showing.

Moreover, if the court were to consider the substance of Defendant's claim, it would find the claim without merit. *Rosemond* held that a conviction under the aiding and abetting statute requires intent to facilitate the commission of the entirety of a crime; intent to advance some different or lesser offense is not sufficient. 134 S.Ct. at 1248. For example, in that case, the Supreme Court held that the defendant needed advance knowledge of the presence of a firearm to aid and abet in the crime of carrying a gun in connection with a drug trafficking crime. Knowledge of the drug trafficking alone would not suffice. Thus, here, Darwich presumably argues that the Government needed to charge and prove that he knew fire would be used to further the insurance fraud. The Government did that. For example, the indictment charges that "Ali Darwich and Jad Alawie agreed to set fire at 'Hamtramck Hip Hop' (9629 Joseph Campau Street, Hamtramck, Michigan) and to share in the insurance proceeds." (Dkt. # 304, Pg. ID 1948.) Additionally, there was overwhelming evidence adduced at trial showing that Darwich knew about and actively participated in the burning of a number of properties. Thus, the court rejects Darwich's challenge to the indictment and conviction under *Rosemond*.

6

## IV.  CONCLUSION

IT IS ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 (Dkt. # 683) is

DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 13, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, January 13, 2016, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

7

S:\Cleland\JUDGE'S DESK\C2 ORDERS\10-20705.DARWICH.Denying2255.wpd