UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 10-20705

ALI DARWICH,

    Defendant.
                                           /

**OPINION AND ORDER DENYING DEFENDANT'S
APPLICATION FOR A CERTIFICATE OF APPEALABILITY**

      Pending before the court is Defendant Darwich's Application for a Certificate of Appealability. (Dkt. # 702.) The court will deny the application.

      From 2005 to 2008, Defendant profited from a scam in which he orchestrated the flooding, vandalization, and torching of dozens of properties so that he could collect the insurance proceeds. He was arrested in late 2008 and charged with thirty-five counts of violating federal law in relation to the acts of arson and insurance fraud. Darwich elected to represent himself throughout much of the case, though after he made an opening statement and cross-examined a lead witness he handed off the case to his stand-by counsel, Craig Daley. On December 3, 2012, a jury convicted Defendant of thirty-three counts of violating federal law, including seven counts for the use of fire to commit fraud in violation of 18 U.S.C. § 844(h). Based on the sentencing scheme laid out in § 844(h), which requires consecutive sentences for each count, Defendant faced a statutorily mandated 130 years in prison for those seven counts. Taking into account the other convictions, this court sentenced Darwich to 1,647 months in prison.

On appeal, Darwich was appointed new counsel, C. Mark Pickrell. Defendant's appellate counsel argued that the court erred in interpreting § 844(h) to require consecutive sentences. Darwich himself filled a supplemental brief and a motion to proceed pro se on appeal. The Sixth Circuit rejected the motion but accepted the supplemental brief, which argued that 1) he was subjected to selective prosecution; 2) he was denied the right to a fair trial by a jury of his peers; 3) the court erred in holding that he breached his immunity agreement with the Government; and 4) the court erred when it denied him funds to obtain a private investigator. The Sixth Circuit affirmed, rejecting all of Defendant's arguments. *United States v. Darwich*, 574 F. App'x 582 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1515 (2015).

On June 19, 2015, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. # 683.) The court denied that motion. (Dkt. # 697.)

Defendant now applies for a certificate of appealability. Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the conclusion that the petition failed to state a claim upon which habeas corpus relief should be granted. Therefore, the court will deny a certificate of appealability.

Accordingly, IT IS ORDERED that Defendant's Application for a Certificate of Appealability (Dkt. # 702) is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 2, 2016, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522