**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 10-CR-20705

ALI DARWICH D-4,

    Defendant.
_____/

**ORDER TRANSFERRING SUCCESSIVE 2255 MOTIONS TO THE SIXTH CIRCUIT**
**AND DENYING REMAINING MOTIONS**

Before the court are a Motion to Vacate Sentence and an Amended Motion to Vacate Sentence filed by Defendant Ali Darwich. The court has already considered, and rejected, an earlier motion filed under 28 U.S.C. § 2255. Specifically, on January 13, 2016, the court issued an Opinion and Order Denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence. (Dkt. # 697.) Defendant filed an application for a certificate of appealability, which was denied.[1] (Dkt. # 702, 706.) Thereafter, Defendant filed the pending Second Amended Motion to Vacate (Dkt. # 707), followed by an additional Amended Motion to Vacate (Dkt. # 710) two weeks later. Because the court has already adjudicated a § 2255 motion by Defendant, it must transfer these two motions to the Sixth Circuit.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[1]The Sixth Circuit also denied a certificate of appealabilty (Dkt. # 718.)

"[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Thus, the two pending Amended Motions will be transferred to the Sixth Circuit.

Defendant also filed various motions incidental to the two § 2255 motions: a Motion to Expand Record of Proceedings (Dkt. # 709), a Motion for Leave to Submit an Amended Motion to Vacate (Dkt. #712), a Motion for Motions to be Filed Nunc Pro Tunc (Dkt. # 713), and two letters submitted pro se.[2] (Dkt. # 717 & 724.) These motions are related to his amended § 2255 motions, and will be denied as moot pending the Sixth Circuit's decision as to whether to allow a successive § 2255 motion.

Finally, Defendant has also filed a Motion to Vacate the Judgment Closing Case (Dkt. # 711), in which he argues that the court's order denying his original §2255 motion, as well as the associated judgment, suffer from technical deficiencies which should be corrected. This motion is purportedly brought under Federal Rule of Civil Procedure 60(b)(6), and asserts that the court failed to consider the entire record when reviewing Defendant's *Batson* challenge. Defendant claims that he thought that, regardless of whether he identified or submitted relevant portions of the record, the court would comb the entire record to find the alleged support for his *Batson* claim. The court disagrees. In the January 13, 2016 order, this court rejected his original *Batson*

---

[2]As Defendant has been cautioned countless times in the past, the court does not consider or act on informal letters sent to the court and filed on its docket. Though proceeding pro se, Defendant is abundantly clear on how to bring a request to the court's attention through motion practice.

claim, explaining:

> The Sixth Circuit held [on direct appeal] that the issue was waived because the record did not contain the voir dire transcript that was required to allow review of the claim. Darwich, 574 F. App'x at 591. Again, here, Defendant fails to provide or cite any portion of the voir dire transcript that could provide the necessary factual support for a *Batson* claim. Thus, for the same reasons explained by the Sixth Circuit, this court rejects Defendant's rehashed *Batson* argument.

(Dkt. # 697, Pg. ID 6274.)  In its opinion denying a certificate of appealability, the Sixth Circuit found that no reasonable jurist could debate this finding, stating that "[b]ecause Darwich raised his *Batson* claim on direct appeal and he has identified no change in the relevant law or other exceptional circumstance, reasonable jurists would agree that he could not relitigate the claim in his § 2255 proceeding. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)."  (Dkt. # 718, Pg. ID 6376-6377.)  Despite Defendant's attempt to litigate, again, the *Batson* issue through the guise of a Rule 60(b) motion, there was no technical error in the court's rejection of the *Batson* claim.[3]  It is not the court's responsibility to comb through the record to find factual or legal support for the *Batson* challenge which was already raised on direct appeal.  The court will deny his motion under Rule 60(b).  Accordingly,

     IT IS ORDERED that Defendant's two Amended Motions to Vacate (Dkt. # 707 & 710) are TRANSFERRED to the Court of Appeals for the Sixth Circuit for appropriate review.

     IT IS FURTHER ORDERED that Defendant's Motion to Expand Record of Proceedings (Dkt. # 709), Motion for Leave to Submit an Amended Motion to Vacate

---

[3]Indeed, the bulk of Defendant's arguments, in all of the motions currently before the court, consist of efforts to relitigate his *Batson* claim under various tactics.

(Dkt. # 712), and Motion for Motions to be Filed Nunc Pro Tunc (Dkt. # 713) are DENIED WITHOUT PREJUDICE as moot.  It is the Court of Appeals, not this district court, who will decide whether a successive § 2255 motion will be allowed.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 23, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 23, 2017, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(810)-292-6522