**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                        Case No. 10-CR-20705

ALI DARWICH D-4,

      Defendant.
_____/

**ORDER DENYING MOTION FOR NEW TRIAL AND TRANSFERRING SUCCESSIVE
2255 MOTION TO THE SIXTH CIRCUIT**

Before the court is a motion filed pro se by Defendant Ali Darwich entitled "Motion for a New Trial." (ECF No. 741.) In his motion, Defendant continues his campaign of arguing that his conviction was the result of a grand conspiracy perpetrated by this court and the prosecution, and that the prosecution committed fraud upon the court in various ways. His motion is incoherent, fanciful and, as the Government points out, untimely. Although Defendant regurgitates many familiar theories and accusations, his motion purports to be based on newly discovered evidence of fraud. First, the court is utterly unpersuaded that Defendant has presented anything that remotely resembles "newly discovered evidence," but instead sets forth the same protestations, perhaps slightly recast, which have been presented in the past: before this court, on appeal, in his motion to vacate under 28 U.S.C. § 2255, and in his multiple attempts to file a second or successive motion to vacate. Further, and more fundamentally, even if Defendant had presented a colorable claim of newly discovered evidence, this court lacks jurisdiction to review his assertion. Defendant was convicted in 2012. Any motion

for new trial based on newly discovered evidence must be filed within three years of the date of conviction. Fed. R. Crim. P. 33(b)(1). Defendant's motion was brought well after the three-year deadline. "If the motion is untimely, the court lacks jurisdiction to consider it on the merits." *United States v. Koehler*, 24 F.3d 867, 869 (6th Cir. 1994) (citing *United States v. Smith*, 331 U.S. 469, 475-76 (1947)). The court thus lacks jurisdiction to review this motion and it will be denied.

Not to be deterred, Defendant also brings another motion, grounded largely on the same legal theories, but this time purportedly brought under Federal Rule of Civil Procedure 60(d)(3). Although his motion is hard to decipher, Defendant appears to contend that he is entitled to relief from judgment based on the same newly discovered evidence of fraud and corruption. Specifically, Defendant seems to assert that the order denying his motion to vacate should be set aside and relief should be granted under 28 U.S.C. § 2255. In substance, Defendant's motion is a restyled attempt at a successive 2255 motion. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Although it appears to the court that the motion is devoid of merit, the court must transfer it to the Sixth Circuit for a determination under § 2244(b)(3)(A). Accordingly, Defendant's motion under Rule 60(d)(3) will be transferred to the Sixth Circuit.

Finally, related to these two motions, Defendant has filed a series of letters. (*See* ECF No. 754, 762, 770.) These letters contain additional argument, reference, or explanation to his pending motions. The court will disregard them as they are not properly filed as motions, and the court does not act on arguments set forth in letters. Defendant has more than demonstrated his ability to file a motion; he should refrain from sending letters to the court which have the appearance of an attempt at ex parte communication.

Accordingly, IT IS ORDERED that Defendant's "Motion for New Trial" (ECF No. 741) is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion Regarding Newly Discovered Evidence Pursuant to Fed. R. Civ. P. 60(d)(3)" (ECF No. 744) is TRANSFERRED to the Court of Appeals for the Sixth Circuit for appropriate review.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 15, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 15, 2019, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\10-20705.DARWICH.MotionsMarch2019.docx