**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                       Case No. 10-20705

ALI DARWICH,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, AMENDED MOTION FOR COMPASSIONATE RELEASE, AND MOTION TO APPOINT COUNSEL**

After a lengthy trial, a jury found Defendant Ali Darwich guilty of thirty-three counts of insurance fraud and money laundering, including seven counts for the use of fire to commit fraud in violation of 18 U.S.C. § 844(h). On May 8, 2013, this court sentenced Defendant to 1,647 months imprisonment, which also reflected an enhancement for Obstruction of Justice due to Defendant's excessive and fraudulent pretrial motions and his perjured testimony. (ECF No. 629.) Defendant's current projected date of release is in September 2081. (ECF No. 853-6, PageID.7362.)

Defendant moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 834.) He argues that the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at USP Lewisburg, in Lewisburg, Pennsylvania justify his immediate release. After filing his initial motion, Defendant continued to file "declarations," letters, and additional documents, culminating in an Amended Motion. (ECF Nos. 838, 839, 846, 848, 866) The government has filed a response to the initial

motion, as well as a response to the Amended Motion. (ECF Nos. 836, 867.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion and amended motion will be denied.

Under the federal compassionate release statute, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply to compassionate release analysis, and courts are to ignore it. *Jones*, 980 F.3d at 1111. A prisoner seeking compassionate release must nonetheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Before the court may consider a motion for compassionate release, Defendant must exhaust administrative remedies. *United States v. Alam*, 960 F.3d 831, 834 (6th

Cir. 2020) (quotation removed) ("When properly invoked, mandatory claim-processing rules must be enforced."). Under § 3582(c)(1)(A), Defendant may seek compassionate release himself only if he submits a request for compassionate release to his warden and he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier."

In his initial motion, Defendant failed to demonstrate that he had exhausted his administrative remedies. Thereafter, Defendant provided documentation showing that his request for administrative relief from the Warden was denied. (ECF No. 838, PageID.7016.) The government appears to accept this documentation and the court will similarly assume, for purposes of this motion, that Defendant exhausted administrative remedies.

Nonetheless, Defendant's circumstances are not extraordinary or compelling, and compassionate release is not appropriate. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman,

3

J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.).

Defendant does not assert more than a generalized fear of contracting COVID-19. Defendant presents no evidence or even allegation that he suffers from any chronic condition or vulnerability that will cause him to face an increased risk of contracting a severe illness from COVID-19. Rather, he contends that he has not seen his family in eleven years, that his grandmother recently died and he has not been able to communicate with his family, and that he misses his family, and wants to see them before death. (ECF 834, PageID. 6980.) These desires and fears do not constitute any "extraordinary" or "compelling" circumstance. Defendant is a 39-year-old man, with no stated or proven chronic conditions. He is at low risk of suffering severe complications from contraction of COVID-19.

Moreover, even if Defendant presented extraordinary and compelling circumstances, a review of the § 3553(a) sentencing factors demonstrates that early release is not warranted. *See* 18 U.S.C. § 3582(c)(1)(A). Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and

4

>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors); *see also United States v. Allen*, 819 F. App'x 418, 418 (quotation removed) ("In a compassionate release proceeding, as at sentencing, the district court is best situated to balance the § 3553(a) factors."). "[A] defendant's disagreement with how the district court balanced the § 3553(a) factors in denying compassionate release is not a sufficient ground for reversal." *United States v. Austin*, 825 F. App'x 324, 327 (6th Cir. 2020) (quotations removed).

Defendant was involved in a complex scheme to obtain money from insurance companies. Defendant and his accomplices purchased numerous policies for various buildings and then intentionally burned, flooded, vandalized or otherwise damaged them in order to collect upon the fraudulent insurance claims. Defendant undertook his dangerous activities with little to no regard for the dangerousness of his actions, which put the safety and lives of others at risk. The vast scale of his actions, combined with his

illegal entry into the United States, and his deliberate and pervasive obstruction of justice before and during trial, resulted in a sentence of 1674 months imprisonment, of which only a small fraction has been served. Defendant continues to show no remorse or to take any responsibility for his actions. Rather, Defendant persists in claiming he was the victim of selective prosecution, religious discrimination, or even personal animosity of the government, law enforcement, or this court.  Even in his most recent filing, Defendant alludes to intentional falsification of evidence and "cover-ups." (ECF No. 866, PageID. 7454.)

The court has considered all of the relevant sentencing factors, including most particularly the extreme nature and circumstances of Defendant's many offenses and the history and characteristics of Defendant, and the need for the imposed sentence to reflect the seriousness of Defendant's offenses, to afford deterrence to similar criminal conduct, and to protect the public from further crimes of Defendant. Considering those factors, in addition to the rest of the § 3553(a) factors, the court remains convinced in the appropriateness of Defendant's original sentence. Defendant has presented no compelling or extraordinary circumstances to justify early release, and even if he had, the § 3553(a) factors preclude deviation from his original sentence.

The extraordinary remedy of compassionate release is not warranted. Accordingly,

IT IS ORDERED that Defendant's "Motion to for Compassionate Release" (ECF No. 834) and "Amended Motion for Compassionate Release" (ECF No. 866) are DENIED. Inasmuch as all issues have been resolved, and the court finds no reason to

6

appoint counsel in any event, IT IS FURTHER ORDERED that Defendant's "Motion to Appoint Counsel" (ECF No. 848) is also DENIED.

                                                     s/Robert H. Cleland              /
                                                     ROBERT H. CLELAND
                                                     UNITED STATES DISTRICT JUDGE

Dated: February 12, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 12, 2021, by electronic and/or ordinary mail.

                                                     s/Lisa Wagner                    /
                                                     Case Manager and Deputy Clerk
                                                     (810) 292-6522

C:\Users\christydral\Documents\10-20705.DARWICH.MotiontoReduceSentence.chd.docx