UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 10-20705

v.                                  Judith E. Levy
                                  United States District Judge

Ali Darwich,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTIONS [915, 917], TRANSFERRING SUCCESSIVE § 2255 MOTION TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT [921], AND SEALING DEFENDANT'S LETTER [922]**

Before the Court are three motions filed by Defendant Ali Darwich.

Two of the motions, which are nearly identical, are motions for compassionate release. (ECF No. 915, PageID.7855; ECF No. 917, PageID.7863 ("motion to reinstate of compassionate release under 18 U.S.C. Section 3582(c)(1)(A)(i) based on the First Step Act and Statutory Interpretation of Unusually Long Sentence in Light of the United States Sentecing Commission's under Subsection (b)(6) of the Ameded 814, also requesting for appointed of counsel to supplement BOP recorded and

legal argument's").)[1] These motions are dated May 14, 2024. (ECF No. 915, PageID.7860; ECF No. 917, PageID.7868.) The Government filed a response opposing Defendant's motions (ECF No. 919), and Defendant filed a reply. (ECF No. 920, PageID.7928.)

The third motion is titled, "Petitioner's motion pursuant to Fed. R. Civ. P 60(b)(6) based on newly discovered of evidence and Fed. R. Civ. P (d)(3) fraud up-on-court regarding Kastigar agreement issue." (ECF No. 921, PageID.7931.) The Government did not file a response.

For the reasons set forth below, Defendant's motions for compassionate release are denied (ECF Nos. 915, 917), and his remaining motion is transferred to the Court of Appeals for the Sixth Circuit for review. (ECF No. 921.) Finally, Defendant's letter (ECF No. 922) will be sealed.

## I. Background

Defendant is currently incarcerated at FCI Lewisburg. In 2012, a jury found Defendant guilty of twelve counts of aiding and abetting wire fraud, thirteen counts of aiding and abetting mail fraud, seven counts of using fire to commit fraud, and one count of conspiracy to launder

---

[1] The Court notes that all errors in quotes are left uncorrected.

monetary instruments. (ECF No. 629, PageID.3962.) On May 8, 2013, he was sentenced to 1,647 months imprisonment, which "reflected an enhancement for Obstruction of Justice due to Defendant's excessive and fraudulent pretrial motions and his perjured testimony." (ECF No. 629; ECF No. 905, PageID.7806; *see also* ECF No. 652, PageID.5894 ("The defendant provided knowingly false testimony as outlined in the Government's brief, willfully attempting to obstruct or impede the administration of justice . . . . [I]f ever there was a patently obvious case of a defendant attempting to obstruct the administration of justice by in-court and out-of-court behavior, Mr. Darwich is the star of the show.").)

Previously, Defendant filed several post-conviction motions, including several motions to vacate sentence under 28 U.S.C. § 2255 (ECF Nos. 683, 707, 710, 728), motions to correct clerical errors (ECF Nos. 795, 824, 883), a motion for a new trial (ECF No. 741), and motions for compassionate release. (ECF Nos. 834, 866, 886, 891, 893, 895, 903, 904, 909, 910.)[2] All of these motions were denied. (*See* ECF No. 905, PageID.7806; ECF No. 911.)

---

[2] Several of these motions were construed as motions for compassionate release. (ECF No. 905, PageID.7806–7807.)

## II. Defendant's motions for compassionate release (ECF Nos. 915, 917)

### A. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed by the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). In resolving compassionate release motions, courts in the Sixth Circuit apply a three-step inquiry. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district

court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

With respect to the second factor, the relevant policy statement by the Sentencing Commission is found in United States Sentencing Guidelines Manual § 1B1.13. *Jones*, 980 F.3d at 1108 (citation omitted); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023). Previously, § 1B1.13 expressly applied only to a "motion of the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2021). Based on this language, the Sixth Circuit concluded that "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias*, 984 F.3d at 519. However, the Sentencing Commission amended this policy statement to also apply to motions made by incarcerated individuals. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G.

5

§ 1B1.13] ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A) . . . ." (emphasis added)).

The now-applicable policy statement provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, (5) "Other Reasons," and (6) a non-retroactive change in the law if the defendant received an unusually long sentence and has been in prison for at least ten years. *See* U.S.S.G. § 1B1.13(b)(1)–(6). Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id*. at § 1B1.13(b)(5). While rehabilitation alone does not qualify as an extraordinary or compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id*. at § 1B1.13(d).

6

B.  Analysis

Pursuant to 18 U.S.C. § 3582(c)(1)(A), an imprisoned person may file a motion for compassionate release "after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1104–05 (citations omitted). Defendant has properly exhausted his administrative remedies. (*See* ECF No. 919, PageID.7908.) Defendant states that he submitted a compassionate release request on November 20, 2023, and that it was denied by the warden on November 30, 2023. (ECF No. 917, PageID.7864.)[3] He also attaches a copy of his request and the denial. (*Id.* at PageID.7872–7873.)

However, Defendant's motion must be denied because he has not shown extraordinary or compelling reasons for compassionate release pursuant to U.S.S.G. § 1B1.13.

In his motions for compassionate release, Defendant appears to make the following arguments: (1) that U.S.S.G. §1B1.13(b)(6)'s

---

[3] As stated previously, the text of Defendant's motions for compassionate release is nearly identical. (ECF Nos. 915, 917.) The only substantial difference between the motions is that his second motion for compassionate release includes exhibits. (ECF No. 917.) As such, the Court will only refer to his later motion for compassionate release. (*Id.*)

7

"unusually long sentence" circumstance applies to him; (2) that there are sentence disparities between him and his co-Defendants (ECF No. 917, PageID.7866–7868); (3) that he is rehabilitated (*Id.* at PageID.7865); (4) that the prosecution was racially- and/or ethnically-motivated (*Id.* at PageID.7864 ("[T]he prosecution focus to charged only one race 'Arab' in order to charged Mr. darwich with the higher punishment . . . ."); *id.* at PageID.7896; ECF No. 920, PageID.7925–7926 ("The AUSA Waterstreet able to convince the district court to charged only the Arabic's communities for Miracle reasons.")); and (5) that his criminal case is illegitimate.[4] (ECF No. 920, PageID.7925, 7928.)

---

[4] In his reply, he accuses Assistant U.S. Attorney Ronald W. Waterstreet of "open[ing] the fraudulent indictment," of framing Defendant for the crime, and of "be[ing] evil and going after [Mr. Darwich's family] with false charges by using the department of justice power's." (ECF No. 920, PageID.7925, 7928.) He also suggests that there may be a large conspiracy relating to "fraudulent crime":

> In this Case the evidence over whelming (Check's , FBI form 302, Insurance Policy, Land Contract , deed, names) pointing out the Network blown to Claim Inc Company and there association sense 1953 doing fraudulent crime all over United States of America ,also they have there association working part of the state(s) and federal government in pay role help them to committing the fraudulent crime and collect the insurance money's with out any consequences by the state(s) and the federal authorities, also they have group of Attorney's to communicate with the state(s) and Federal Authorities . . . . but the District Court Judge Robert H. Cleland turn the Blind eyes on There crimes like nothing been happening, maybe Because none Arabic's co-defendant's or

First, Defendant does not demonstrate that § 1B1.13(b)(6) applies to him. Defendant does not identify a relevant "change in the law . . . [that] produce[s] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [wa]s filed." U.S.S.G. § 1B1.13(b)(6).

Defendant's identified "change in the law" appears to be the passage of the First Step Act. (ECF No. 917, PageID.7863 (referencing First Step Act in the title of his motion).) Defendant appears to contend that the First Step Act amended 18 U.S.C. §§ 924(c), 929(a), and 844(h), and that these changes produce a disparity between the sentence he is serving and the sentence that would be imposed today. (ECF No. 917, PageID.7865 ("Mr. Darwich's the Only Person In the Federal System been sentence of 1,647 months for non-violent crime based on the 18 U.S.C. Section 924(c), 929(a), and 844(h) based on the violent guideline 2k2.4 of explosion. . . .").)

---

maybe claim Inc Company's have powers with the Federal Authorities to Force Judge Cleland turn his Blind eye(s) . . . .

(ECF No. 920, PageID.7926.)

While Defendant is correct that 18 U.S.C. §§ 924(c) and 929(a) were amended by the First Step Act, neither statute is applicable to his sentence. Defendant was not convicted of a §§ 924(c) or 929(a) offense. (*See* ECF No. 914, PageID.7852 (Sixth Circuit rejecting Defendant's previous compassionate release motion that made the same argument as to § 924(c)).) Further, Defendant is incorrect that the First Step Act changed 18 U.S.C. § 844(h); in fact, 18 U.S.C. § 844 has not changed since 2004, before Defendant was sentenced. (*See also* ECF No. 914, PageID.7852.)

As such, Defendant has not demonstrated that U.S.S.G. § 1B1.13(b)(6) applies to him because he does not identify a relevant change in law, let alone a change in law that would result in a gross disparity between the sentence he is serving and the sentence he would receive at the time of his motion.

Second, Defendant's other arguments – that there are sentence disparities between him and the other Defendants, the prosecution was racially- and/or ethnically-motivated, and his criminal case is illegitimate – are not proper grounds for compassionate release because these alleged

circumstances existed at the time of his sentencing. As stated by the Sixth Circuit:

> The district court properly concluded that Darwich did not identify an extraordinary or compelling reason warranting relief . . . . Darwich's arguments that he was selectively or vindictively prosecuted and sentenced, that his sentencing guidelines were improperly calculated, and that defense counsel performed ineffectively cannot constitute extraordinary and compelling reasons warranting compassionate release because these arguments are based on facts that existed at the time of Darwich's sentencing and are claims that could have been raised on direct appeal or in a 28 U.S.C. § 2255 proceeding.

(ECF No. 914, PageID.7852 (citing *United States v. West*, 70 F.4th 341, 347 (6th Cir. 2023); *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 2506 (2023); *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021)).)

Finally, Defendant references his rehabilitation while incarcerated. (*See* ECF No. 917, PageID.7865.) However, as stated in the Sentencing Commission's policy statement, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. § 994(t)). Defendant's rehabilitation, on its own, cannot support a finding of extraordinary and compelling circumstances.

11

Accordingly, the Court concludes that Defendant has not demonstrated extraordinary and compelling reasons for compassionate release or a reduction in his sentence. Defendant's motions for compassionate release (ECF Nos. 915, 917) are denied.

Defendant also requests appointment of counsel and an evidentiary hearing on his motions for compassionate release. (ECF No. 917, PageID.7868.) Both requests are denied.

"[T]here is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (per curiam). The Court finds that there are no exceptional circumstances that would justify appointment of counsel here. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Further, an evidentiary hearing is not necessary because Defendant has not demonstrated a basis for compassionate release.

### III. Defendant's motion pursuant to Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3) (ECF No. 921)

Defendant also filed a motion titled, "Petitioner's motion pursuant to Fed. R. Civ. P 60(b)(6) based on newly discovered of evidence and Fed. R. Civ. P (d)(3) fraud up-on-court regarding Kastigar agreement issue." (ECF No. 921, PageID.7931.) In this motion, Defendant requests that the

court "revisit his 2255motion based on 60(b)(6) motion and Rule 60(d)(3) fraud-up-on-court." (*Id.* at PageID.7939.)

Defendant has filed several motions under 28 U.S.C. § 2255. His first § 2255 motion was filed on June 19, 2015 (ECF No. 683), and denied on January 13, 2016. (ECF No. 697.) Defendant's subsequent § 2255 motions (ECF Nos. 707, 710, 728, 744, 795, 810, 824, 883) were transferred to the Sixth Circuit because Defendant had not received authorization from the Sixth Circuit to file a successive § 2255 motion. (ECF Nos. 727, 739, 791, 811, 831, 906 (orders transferring subsequent § 2255 motions to the Sixth Circuit)); *see also* 8 U.S.C. § 2244(b)(3)(A); *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997) ("[F]ederal prisoners seeking to file a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request.").

As before, the Court does not have jurisdiction to entertain a successive § 2255 absent authorization from the Court of Appeals. *See Sims*, 111 F.3d at 46. An individual who files a successive § 2255 motion must first ask the appropriate court of appeals for an order of authorization. *See* 28 U.S.C. § 2244(b)(3)(A). When a successive § 2255

13

motion is filed directly in the district court without first obtaining authorization under § 2244(b)(3)(A), the district court must transfer the case to the Court of Appeals. *See Sims*, 111 F.3d at 47; 28 U.S.C. § 1631. Accordingly, it is ordered that the Clerk transfer the pending § 2255 motion (ECF No. 921) to the United States Court of Appeals for the Sixth Circuit. Further, Plaintiff's requests for appointment of counsel and an evidentiary hearing (*id.* at PageID.7938–7939) are denied as moot because they relate to the motion that the Court does not have jurisdiction to hear.

## IV. Conclusion

For the reasons set forth above, Defendant's motions for compassionate release (ECF Nos. 915, 917) are DENIED, and Defendant's remaining motion (ECF No. 921) is TRANSFERRED to the Court of Appeals for the Sixth Circuit for review.

Finally, Defendant sent a letter, which is dated October 6, 2024.[5] (ECF No. 922, PageID.7981.) The Court will seal this document because

---

[5] The Court carefully reviewed Defendant's letter. (ECF No. 922.) While the Court expresses sympathy and concern for Defendant's family, Defendant has not set forth a legal basis for compassionate release in this letter.

14

it contains the names of minors, pursuant to Federal Rule of Criminal Procedure 49.1(d).

IT IS SO ORDERED.

Dated: October 29, 2024　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2024.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager