UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

            Plaintiff,      Case No. 10-20705-4

v.                            Judith E. Levy
                              United States District Judge

Ali Darwich,

            Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTIONS
[924, 926, 927, 930, 933, 939, 947]**

Before the Court are seven motions filed by Defendant Ali Darwich. (ECF Nos. 924, 926, 927, 930, 933, 939, 947.) Defendant is currently incarcerated at FCI Lewisburg. In 2012, a jury found Defendant guilty of twelve counts of aiding and abetting wire fraud, thirteen counts of aiding and abetting mail fraud, seven counts of using fire to commit fraud, and one count of conspiracy to launder monetary instruments. (ECF No. 629, PageID.3962.) On May 8, 2013, he was sentenced to 1,647 months imprisonment, which "reflected an enhancement for Obstruction of Justice due to Defendant's excessive and fraudulent pretrial motions and

his perjured testimony." (ECF No. 629; ECF No. 905, PageID.7806; *see also* ECF No. 652, PageID.5894 ("The defendant provided knowingly false testimony as outlined in the Government's brief, willfully attempting to obstruct or impede the administration of justice . . . . [I]f ever there was a patently obvious case of a defendant attempting to obstruct the administration of justice by in-court and out-of-court behavior, Mr. Darwich is the star of the show.").)

Previously, Defendant filed several post-conviction motions, including several motions to vacate sentence under 28 U.S.C. § 2255 (ECF Nos. 683, 707, 710, 728), motions to correct clerical errors (ECF Nos. 795, 824, 883), a motion for a new trial (ECF No. 741), and motions for compassionate release. (ECF Nos. 834, 866, 886, 891, 893, 895, 903, 904, 909, 910, 915, 917.)[1] All of these motions were denied. (*See* ECF No. 905, PageID.7806; ECF Nos. 911, 923.)

Defendant's motions currently before the Court are:

- "Motion for Modification of Term of Imprisonment" (ECF No. 924);

---

[1] Several of these motions were construed as motions for compassionate release. (ECF No. 905, PageID.7806–7807.)

- "Motion for Reconsideration Compassionate Release ECF # 915 and 917 Based on the New Amended of April 30, 2024, '[Change] in the Law' section 2k2.4 Grouping Rules as Extraordinary and Compelling Reasons" (ECF No. 926);

- Motion for appointment of counsel (ECF No. 927);

- Motion for appointment of counsel (ECF No. 930);

- Motion for Modification of Term of Imprisonment (ECF No. 933);

- "Motion to Compel District Court to Rule in Pending [Multiple] Motions or In [the Alternative] Granting Immediately a Bond-Release" (ECF No. 939); and,

- "Motion to Compel[ ] the Government[ ] to Respond at ECF # 941 Notice of Determination of Motion without Oral Argument." (ECF No. 947.)

Defendant also filed a letter on June 17, 2025.[2] (ECF No. 942.) The Government responded to these motions. (ECF Nos. 949, 950, 951, 952, 953, 954.)

For the reasons set forth below, Defendant's motions are denied.

---

[2] Defendant's letter states that the Government had not sent him any responses to his motions that were filed between November 13, 2024 to January 15, 2025. (ECF No. 942.) He accuses the Government of failing to send him a response and asks for a copy of the response briefs. However, Defendant did not receive any responses by June 17, 2025 because the Government had not yet filed any responses to his motions.

## I. Defendant's motions for a modification of his term of imprisonment (ECF Nos. 924, 933)

Defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)–(d) "to reduce his sentence based upon Amendments 841," (ECF No. 924, PageID.7999), and "Amendment 821 and 825." (ECF No. 933, PageID.8033.)

18 U.S.C. § 3582(c)(2) states that a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," may move for a reduction of their term of imprisonment. The Court may grant that motion "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Court first addresses Defendant's motion for a reduction in sentence based upon "Amendments 841." (ECF No. 924, PageID.7999.) He claims that "Amendment 841 were made retroactive by the United States Sentencing Commission effected November 1, 2024." (*Id.* at

4

PageID.8006.) Defendant then provides a quote from "U.S.S.G. § 1B1.10(c)," which he claims provides:

> (c) Covered Amendments. – Amendments covered by this policy are list in Appendix C as follows: 125, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706, 711, 721, 814, 821 and 841.

(*Id.*) However, Defendant's quote is not an accurate representation U.S.S.G. § 1B1.10. Amendment 841 is not listed as a covered amendment pursuant to U.S.S.G. § 1B1.10(d); and as such, is not relevant to a motion brought under 18 U.S.C. § 3582(c)(2).

In its response, the Government notes that this appears to be an incorrect citation and "believes he is referring to Amendments 828 and 831." (ECF No. 949, PageID.8101.) Even if Defendant intended to refer to Amendments 828 and 831, neither Amendment is listed under § 1B1.10(d) and, in any event, are not relevant to his § 3582(c)(2) motion. For these reasons, Defendant's motion for modification of his term of imprisonment (ECF No. 924) is denied.

Next, the Court addresses Defendant's motion for a reduction in sentence based on Amendments 821 and 825. (ECF No. 933.)

Amendment 821 Part A and Part B, Subpart 1 are retroactive pursuant to Amendment 825. Part A of Amendment 821 concerns "status points" under U.S.S.G. § 4A1.1 and is not relevant to Defendant because he did not receive any status points. (ECF No. 952, PageID.8122; ECF No. 616, PageID.3884 ("Mr. Darwich has no prior criminal history.").)

Part B, Subpart 1 of Amendment 821 permits a two-level decrease in the offense level for certain zero-point offenders. U.S.S.G. § 4C1.1(a) states that a defendant must meet certain criteria in order to be eligible for this two-level decrease. However, Defendant is not eligible because he received an adjustment under U.S.S.G. § 3B1.1 (Aggravating Role). *See* U.S.S.G. § 4C1.1(a)(10). (*See also* ECF No. 952, PageID.8123–8124 (describing Defendant's guidelines).)

As such, Defendant is not eligible for a decrease in his offense level pursuant to Amendment 821 and 825, and his motion (ECF No. 933) is denied.

## II. "Motion for Reconsideration Compassionate Release ECF # 915 and 917 Based on the New Amended of April 30, 2024, '[Change] in the Law' section 2k2.4 Grouping Rules as Extraordinary and Compelling Reasons" (ECF No. 926)

Defendant also moves for reconsideration of his motions for compassionate release which were filed on May 20, 2024 and May 21, 2024. (ECF Nos. 915, 917.) On October 29, 2024, the Court denied Defendant's motions for compassionate release. (ECF No. 923.) On November 13, 2024, Defendant filed a motion for reconsideration and a notice of appeal of that order. (ECF Nos. 926, 928.)

The Court denies Defendant's motion for reconsideration for several reasons. First, the Court's order denying Defendant's motions for compassionate release was affirmed by the Sixth Circuit on July 18, 2025. (ECF No. 945.) Next, Defendant's motion for reconsideration appears to raise old arguments already resolved. That is an improper basis for a motion for reconsideration. *See Golden v. U.S. Bank Nat. Ass'n, ND*, No. 11-13227, 2012 WL 4426525, at *1 (E.D. Mich. Sept. 25, 2012) ("A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.").

7

For the reasons set forth above, Defendant's motion for reconsideration is denied. (ECF No. 926.)

### III. Conclusion

For the reasons set forth above, Defendant's motions for modification of his term of imprisonment (ECF Nos. 924, 933) and motion for reconsideration (ECF No. 926) are DENIED.

Additionally, Defendant's motions to compel (ECF Nos. 939, 947) are DENIED AS MOOT. The order and responses that Defendant sought to compel have been issued.

Finally, Defendant's motions for appointment of counsel (ECF Nos. 927, 930) are DENIED.

IT IS SO ORDERED.

Dated: October 15, 2025              s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                              United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2025.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager