# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 10-20705-4

v.                           Judith E. Levy
                                United States District Judge

Ali Darwich,

                Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO SUPPLEMENT [961], DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [959], AND DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE [966]

Before the Court are three motions filed by Defendant Ali Darwich. (ECF Nos. 959, 961, 966.) Defendant is currently incarcerated at the McKean Federal Correctional Institution in Bradford, Pennsylvania.

In 2012, a jury found Defendant guilty of twelve counts of aiding and abetting wire fraud, thirteen counts of aiding and abetting mail fraud, seven counts of using fire to commit fraud, and one count of conspiracy to launder monetary instruments. *Darwich v. United States*, No. 18-2198, 2019 WL 12374119, at *1 (6th Cir. Sept. 20, 2019). On May

8, 2013, he was sentenced to 1,647 months imprisonment, which "reflected an enhancement for Obstruction of Justice due to Defendant's excessive and fraudulent pretrial motions and his perjured testimony." (ECF No. 629; *see also* ECF No. 652, PageID.5894 ("The defendant provided knowingly false testimony as outlined in the Government's brief, willfully attempting to obstruct or impede the administration of justice . . . . [I]f ever there was a patently obvious case of a defendant attempting to obstruct the administration of justice by in-court and out-of-court behavior, Mr. Darwich is the star of the show.")); *United States v. Darwich*, No. 10-20705, 2023 WL 5803696, at *1 (E.D. Mich. Sept. 7, 2023).

Previously, Defendant filed several post-conviction motions, including several motions to vacate sentence under 28 U.S.C. § 2255, motions to correct clerical errors, a motion for a new trial, and motions for compassionate release. All of these motions were denied. *See, e.g.*, *United States v. Darwich*, No. 10-20705-4, 2025 WL 2933059, at *1 (E.D. Mich. Oct. 15, 2025).

Since the Court's last order, Defendant has filed three new motions. Two motions are motions for compassionate release and/or reduction of

sentence (ECF Nos. 959, 966.) Defendant also filed a motion to supplement one of his motions for compassionate release (ECF No. 961), and two letters. (ECF Nos. 962, 964.)[1] The government responded to Defendant's motions (ECF No. 968), and Defendant filed a reply. (ECF No. 969.)

For the reasons set forth below, Defendant's motion to supplement his previous motion (ECF No. 961) is granted, and his motions for compassionate release or reduction of sentence (ECF Nos. 959, 966) are denied.

## I.     Defendant's "motion for compassionate release" and motion to supplement (ECF Nos. 959, 961)

As an initial matter, the Court grants Defendant's motion to supplement his previous motion. (ECF No. 961.) However, Defendant's motion for compassionate release, even considering the supplementary material, is denied.

---

[1] Defendant's first letter (ECF No. 962), which was dated December 15, 2025 and filed on the docket on December 23, 2025, appears to request that the Court set forth a briefing schedule for his motions. (*Id.* at PageID.8302.) The Court clarifies that a court order is not required for the government to respond to Defendant's motions. The government generally may file responses to post-trial motions according to the standard briefing schedule set forth in United States District Court Eastern District of Michigan Local Rule 7.1(e)(1).

Defendant moves "for compassionate release based on new discovered [*sic*] of evidence and the new amendments." (ECF No. 959, PageID.8249.) Defendant argues that he is entitled to a reduction or modification of his sentence due to Amendments 814, 824, 828, and 831.[2]

The Court may modify a term of imprisonment upon (1) a motion for compassionate release, 18 U.S.C. § 3582(c)(1)(A), (2) as expressly permitted by statute or by Federal Rule of Criminal Procedure 35, § 3582(c)(1)(B), or (3) when a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission. § 3582(c)(2). Here, Defendant appears to invoke two of these three methods of sentence reduction: compassionate release and a lowered sentencing range.

---

[2] Although Defendant claims in the title of his motion that there is new "discovered" evidence, there is no indication what this evidence is and, as such, the Court declines to address that argument.

To the extent the "supplemental evidence" filed at ECF No. 960 is intended to be the newly-discovered evidence, the Court declines to consider it. Defendant filed a document purporting to list names and signatures of other prisoners who support Defendant's motion for compassionate release. (ECF No. 960.) But Defendant does not explain why this document may be considered by the Court or its relevance to his motion for compassionate release.

### A. Compassionate Release

In resolving compassionate release motions, courts in the Sixth Circuit apply a three-step inquiry. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Court must find that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, and (5) "Other

Reasons." *See* U.S.S.G. § 1B1.13(b)(1)–(5); *see also United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025) (holding that U.S.S.G. § 1B1.13(6) is invalid and may not be considered). Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Rehabilitation alone does not qualify as an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* at § 1B1.13(d).

Defendant moves for compassionate release based on Amendment 814 and his "rehabilitation efforts while in prison." (ECF No. 959, PageID.8250–8251, 8262.)[3]

---

[3] In some of his filings, Defendant references "health conditions" that he allegedly suffers from. (*See* ECF No. 964, PageID.8308 ("[M]y health condition has significantly worsened ever[y] day and no care or medical attention."; *id.* at PageID.8309 (letter addressed to "Congressman Sean Casten Casework Team" purportedly from Defendant's daughter describing Defendant's "serious hernia condition"); ECF No. 969, PageID.8349 (listing his "medical healthcare needs and BOP's over two years refus[ing] to conduct surgery" as a reason for a reduction in sentence); ECF No. 966, PageID.8328 ("Darwich he need surgery and BOP refused to

Amendment 814 went into effect on November 1, 2023, and amended U.S.S.G. § 1B1.13, the policy statement addressing sentence reductions under 18 U.S.C. § 3582(c)(1)(A). *United States v. Beigali*, No. 24-2087, 2025 WL 2939524, at *2 (6th Cir. Oct. 16, 2025). One such change was the creation of U.S.S.G. § 1B1.13(b)(6), which "posit[ed] that a nonretroactive change in the law can be an 'extraordinary and compelling' reason for release when (1) a prisoner has served at least 10 years (2) of 'an unusually long sentence,' (3) there is a 'gross disparity' between the actual sentence being served and a hypothetical sentence calculated using the current law, and (4) the court has given full consideration to the defendant's individualized circumstances." *Bricker*, 135 F.4th at 434.

---

fix Darwich. Darwich['s] health going worsth [*sic*] every day without medical attention from BOP").)

Pursuant to U.S.S.G. § 1B1.13(b)(1), medical circumstances can constitute extraordinary and compelling reasons for compassionate release. However, Defendant has not properly raised medical circumstances. First, Defendant has not exhausted his administrative remedies with regard to medical circumstances as set forth in 18 U.S.C. § 3582(c)(1)(A). (*See* ECF No. 959, PageID.8265–8266.) Second, Defendant's motions do not sufficiently raise his health issues, nor does he provide any evidence of health issues. The Court does not have any information regarding why his medical circumstances would warrant compassionate release pursuant to U.S.S.G. § 1B1.13(b)(1).

Defendant appears to argue that § 1B1.13(b)(6) supports his motion for compassionate release. (ECF No. 959, PageID.8250–8251.) However, the Sixth Circuit in *Bricker* invalidated § 1B1.13(b)(6) and, as such, the Court may not consider it when evaluating Defendant's motion for compassionate release. *Bricker*, 135 F.4th at 450. Thus, Defendant's argument related to Amendment 814 is no longer relevant.

In addition, Defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" to grant compassionate release. U.S.S.G. § 1B1.13(d). In light of the deficiencies in Defendant's motion for compassionate release discussed above, his rehabilitation does not support a finding of extraordinary and compelling circumstances at this time.

### B. Other Amendments

Defendant's motion also appears to request a reduction in sentence based on Amendments 824, 828, and 831. The Court construes these references as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), which permits the Court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

> ### i.      Amendment 824

Amendment 824 went into effect on November 1, 2023, and made a variety of "technical, stylistic, and other non-substantive changes to the *Guidelines Manual*." *Amendment 824*, United States Sentencing Commission, https://perma.cc/7JJB-7GFB.

Defendant appears to argue that Amendment 824 holds some relevance to his motion with regard to U.S.S.G. § 3D1.2. (ECF No. 959, PageID.8259.) Amendment 824 amended § 3D1.2's commentary, in that "The Commentary to §3D1.2 captioned 'Background' is amended by striking 'Part' both places such term appears and inserting 'part'." *Amendment 824*, United States Sentencing Commission, https://perma.cc/7JJB-7GFB. In summary, there were no substantive changes to U.S.S.G. § 3D1.2 by Amendment 824 that are relevant to Defendant. Additionally, Amendment 824 does not apply retroactively. U.S.S.G. § 1B1.10(d). Defendant's motion related to Amendment 824 is denied.

### ii. Amendments 828 and 831

Defendant appears to argue that Amendment 828's Part B and Amendment 831 support his motion. (ECF No. 959, PageID.8260–8262.) However, these Amendments, which both went into effect on November 1, 2024, do not apply retroactively. *See* U.S.S.G. § 1B1.10(d) (section identifying amendments subject to retroactive application does not include Amendments 828 and 831). His motion related to Amendments 828 and 831 must also be denied.

## C. Defendant's supplemental argument

Defendant's motion to supplement asks the Court to consider *United States v. Stavrakis*, No. CR ELH-19-0160, 2025 WL 2897668 (D. Md. Oct. 9, 2025), and the information cited by *Stavrakis* regarding the average length of sentences for arson cases. (ECF No. 961.)

In *Stavrakis*, the defendant was found guilty by jury trial of four counts: one count of use of fire to commit a federal felony, 18 U.S.C. § 844(h)(1), two counts of wire fraud, 18 U.S.C. § 1343, and one count of malicious destruction of real property by fire, 18 U.S.C. § 844(i). *Stravrakis*, 2025 WL 2897668, at *2–3. The District Court for the District of Maryland granted Stravrakis' motion for compassionate release due to

his extensive health issues including as cancer and "severe aortoiliac atherosclerotic calcifications," *id.* at \*27, his criminal history, and the court's judgment regarding Stravrakis' possibility for recidivism, which included consideration of his age (nearly 60 years old). *Id.* at \*28. Finally, the *Stravrakis* court noted that it "thought at sentencing, as [it] think[s] now, that a sentence of fifteen years of imprisonment is unduly harsh under the facts and circumstances attendant here" and that Stravrakis' "15-year sentence far exceeds the national mean and median for arson cases for the years 2019 to 2024." *Id.* at \*31 (summarizing arson sentences as reflected in U.S. Sentencing Commission Statistical Information Packets for the Fourth Circuit for Fiscal Years 2019 through 2024).

Defendant does not explain why sentence disparities, as displayed by the *Stravrakis* decision, merit a reduction in his sentence, especially in light of the Sixth Circuit's opinion in *Bricker*, 135 F.4th 427.

The Court recognizes that Defendant's sentence is much higher than those discussed in *Stravrakis*. However, Defendant was found guilty of twelve counts of aiding and abetting wire fraud, thirteen counts of aiding and abetting mail fraud, seven counts of using fire to commit

11

fraud, and one count of conspiracy to launder monetary instruments, *and* Defendant's sentence reflects an enhancement for obstruction of justice. *Darwich*, 2025 WL 2933059, at *1. Defendant's circumstances are very different than those present in *Stravrakis*.

For the reasons set forth above, Defendant's motion for compassionate release (ECF No. 959), is denied.

## II. Defendant's motion for modification of term of imprisonment (ECF No. 966)

Defendant also moves for a modification of his term of imprisonment "pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10(c) of the Sentencing Guidelines, to reduce his sentence based upon Amendments 824, 828, and 831 which became effective for retroactive application on May 1, 2026 . . . ." (ECF No. 966, PageID.8314.)

As set forth above, Defendant's motion with regard to Amendments 824, 828, and 831 lack merit and his motion must be denied. *See supra* I.B. However, the Court notes that, in this motion, Defendant yet again inaccurately cites and quotes U.S.S.G. § 1B1.10. He states:

> Amendment 824, 828, and 831, were made retroactive by the Sentencing Commission effective May 1, 2026. See U.S.S.G § 1B1.10(c) which provides:

> (c) Covered Amendments: Amendments covered by this policy statement are listed in Appendix C as follows: 125, 130, 156, 176, 269, 341, 371, 379, 380, 433, 454, 461, 844, 488, 490, 505, 506, 516, 591, 599, 606, 657, 702, 706, 711, 720, 740, 814, 821, 824, 828 and 831.

(ECF No. 966, PageID.8320.) Defendant's quote is not an accurate representation of U.S.S.G. § 1B1.10(c) or (d). Although Defendant purports to quote § 1B1.10(c), that section does not list amendments and concerns "Mandatory Minimum Sentences and Substantial Assistance." Section 1B1.10(d), which does list amendments that apply retroactively, does not include Amendments 824, 828, and 831. In his reply, Defendant disagrees that his representation of U.S.S.G. § 1B1.10 is inaccurate and claims that "on May 1, 2026 this amendments [*sic*] will become retroactive one week from today." (ECF No. 969, PageID.8363.)

This is the second time Defendant has inaccurately quoted § 1B1.10 and wrongfully claimed that an amendment is listed as applying retroactively under § 1B1.10. *See Darwich*, 2025 WL 2933059, at *2. In light of that fact, the Court warns Defendant Darwich that he must refrain from making incorrect representations of law and fact to the Court. Further, the Court has reviewed the United States Sentencing Commission's upcoming amendments to the Guidelines Manual and

there is no indication that there are amendments going into effect on May 1, 2026.

## III.   Conclusion

For the reasons set forth above, Defendant's motion for compassionate release (ECF No. 959) and motion for reduction of sentence (ECF No. 966) are DENIED, and Defendant's motion to supplement (ECF No. 961) is GRANTED.

IT IS SO ORDERED.

Dated: April 30, 2026                        s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 30, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager