**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff,

v.

Ali Darwich,

Defendant.

______________________________/

Case No. 10-20705-4

Judith E. Levy
United States District Judge

**ORDER DENYING DEFENDANT'S MOTIONS [972, 973] AND TRANSFERRING MOTIONS TO CORRECT UNDER RULE 36 TO THE SIXTH CIRCUIT COURT OF APPEALS [974, 978]**

Before the Court are four motions filed by Defendant Ali Darwich. (ECF Nos. 972, 973, 974, 978.) Defendant is currently incarcerated at the McKean Federal Correctional Institution in Bradford, Pennsylvania.

In 2012, a jury found Defendant guilty of twelve counts of aiding and abetting wire fraud, thirteen counts of aiding and abetting mail fraud, seven counts of using fire to commit fraud, and one count of conspiracy to launder monetary instruments. *Darwich v. United States*, No. 18-2198, 2019 WL 12374119, at *1 (6th Cir. Sept. 20, 2019). On May 8, 2013, he was sentenced to 1,647 months imprisonment, which

"reflected an enhancement for Obstruction of Justice due to Defendant's excessive and fraudulent pretrial motions and his perjured testimony." (ECF No. 629; *see also* ECF No. 652, PageID.5894 ("The defendant provided knowingly false testimony as outlined in the Government's brief, willfully attempting to obstruct or impede the administration of justice . . . . [I]f ever there was a patently obvious case of a defendant attempting to obstruct the administration of justice by in-court and out-of-court behavior, Mr. Darwich is the star of the show.")); *United States v. Darwich*, No. 10-20705, 2023 WL 5803696, at *1 (E.D. Mich. Sept. 7, 2023).

Defendant has filed numerous post-conviction motions, including several motions to vacate sentence under 28 U.S.C. § 2255, motions to correct clerical errors, a motion for a new trial, and motions for compassionate release. All of these motions were denied. *See, e.g.*, *United States v. Darwich*, No. 10-20705-4, 2025 WL 2933059, at *1 (E.D. Mich. Oct. 15, 2025); *United States v. Darwich*, No. 10-20705-4, 2026 WL 1179860 (E.D. Mich. Apr. 30, 2026).

Since the Court's last order, Defendant has filed four motions: motion to appoint counsel (ECF No. 972), motion for recusal (ECF No.

973), a motion to correct clerical errors (ECF No. 974), and motion to correct the original judgment. (ECF No. 978.) Defendant also filed a letter on May 21, 2026. (ECF No. 971.) Finally, Defendant filed a notice of appeal on July 6, 2026, regarding the Court's previous order denying various motions for reduction of sentence on April 30, 2026. (ECF No. 976.)

For the reasons set forth below, Defendant's motion to appoint counsel and for recusal are denied (ECF Nos. 972, 973), and his remaining two motions are transferred to the Sixth Circuit as a second or successive motion under 28 U.S.C. § 2255. (ECF Nos. 974, 978.)

## I. Motion to recuse (ECF No. 973)

Defendant filed a motion for the Undersigned to recuse herself from his case pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. (ECF No. 973.) The Court will address this motion first.

Section 144 states, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

Motions to recuse "are to be decided in the first instance by the judicial officer sought to be disqualified." *Moss v. Fairborn City Sch.*, No. 3:08CV00393, 2009 WL 10679470, at *1 (S.D. Ohio Nov. 5, 2009) (motions pursuant to 28 U.S.C. § 455); *Honorable Order of Ky. Colonels, Inc. v. Ky. Colonels Int'l*, No. 3:20-CV-132-RGJ, 2025 WL 1117428, at *2 (W.D. Ky. Apr. 15, 2025) ("Although § 144 on its face appears to require automatic disqualification once a motion and affidavit are filed, it is proper for the challenged judge to rule on the motion for recusal to determine whether it is legally sufficient.").

Defendant asserts that the Undersigned is "from Country Called Isreal and She was Jewish, has a personal bias or prejudice against Darwich because his is Lebanese Muslim . . . ." (ECF No. 973, PageID.8403.)[1] Defendant also claims that various non-parties are "Jewish from isreal," that the Undersigned "with Judge Cleland been protect them," and that "all the pary in this case was Jewish and been protecting each other." (*Id.* at PageID.8404.) Even assuming that Defendant's filing is sufficient to constitute an affidavit (as is required by § 144), the § 144 motion is insufficient because it relies only on baseless

[1] Defendant's statements set forth in quotes in this order are left uncorrected.

speculations about the Undersigned and others' personal background, religion, nationality, and motivations. *See Brautigam v. Damon*, No. 1:11-CV-551, 2013 WL 6387500, at *3 (S.D. Ohio Dec. 6, 2013) ("[T]he judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990))). Additionally, Defendant's evidence of bias largely relies on the Court's rulings against him in this case. (*See, e.g.*, ECF No. 973, PageID.8403.) Judicial decision-making is insufficient to demonstrate bias as § 144 requires evidence of extrajudicial conduct. *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) (citing *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)).

Defendant also asserts that the Undersigned should recuse from the case pursuant to 28 U.S.C. § 455. (ECF No. 973, PageID.8400.) The Sixth Circuit explains that § 455 must be read in the same manner as § 144; the difference between them is that § 455 requires disqualification "even in the absence of a party complaint." *Story*, 716 F.2d at 1091. Like § 144, disqualification based on § 455 must be based on extrajudicial conduct. *Id.*; *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (same).

For the reasons set forth regarding § 144, the Court denies Defendant's § 455 motion as it lacks merit, relies on baseless speculation, and largely relies on disagreements with the Undersigned's judicial decision-making.

Defendant's motion to recuse is denied. (ECF No. 973.)

**II. Defendant's Letter (ECF No. 971)**

Defendant filed a letter dated May 15, 2026. (ECF No. 971.) It appears that Defendant had not received the Court's April 30, 2026 order at the time he drafted this letter.

The letter largely repeats arguments made in the motions resolved by the Court's April 30, 2026 order. As such, those arguments are denied for the reasons set forth previously. *See Darwich*, 2026 WL 1179860.

Additionally, the letter references Defendant's potential health issues. (ECF No. 971, PageID.8380 ("The BOP refused to do surgery and medical care over one year.").) As set forth previously:

> Pursuant to U.S.S.G. § 1B1.13(b)(1), medical circumstances can constitute extraordinary and compelling reasons for compassionate release. However, Defendant has not properly raised medical circumstances. First, Defendant has not exhausted his administrative remedies with regard to medical circumstances as set forth in 18 U.S.C. § 3582(c)(1)(A). (*See* ECF No. 959, PageID.8265–8266.) Second, Defendant's motions do not sufficiently raise his health issues, nor does he provide any evidence of health issues. The Court does not

> have any information regarding why his medical circumstances would warrant compassionate release pursuant to U.S.S.G. § 1B1.13(b)(1).

*Darwich*, 2026 WL 1179860, at *3 n.3.

To the extent Defendant's letter constitutes a motion, it is denied.

**III. Motion to appoint counsel (ECF No. 972)**

Defendant moves for "Designation CJA Appointment Attorney For Retroactive Application of Sentencing Guidelines re: 824, 828, 831 and 836." (ECF No. 972, PageID.8393.) He appears to request counsel for the purpose of filing a motion for a reduction of sentence due to "retroactive" application of "Amendment 824, 828, 831 and 836." (*Id.* at PageID.8398.) Defendant claims that these amendments were made retroactive on May 1, 2026. (*Id.*)

"District courts have discretion whether to appoint counsel to a prisoner seeking compassionate release." *United States v. Sullivan*, No. 2:18-CR-27(2), 2023 WL 4078005, at *3 (S.D. Ohio June 20, 2023). Here, the Court finds that appointment of counsel is not justified.

As set forth previously, Amendments 824, 828, and 831 do not apply retroactively. *Darwich*, 2026 WL 1179860, at *4. Amendment 836, which went into effect on November 1, 2025, also does not apply retroactively.

U.S.S.G. § 1B1.10(d). Thus, appointment of counsel for these purposes would be futile. Defendant's motion to appoint counsel is denied. (ECF No. 972.)

**IV. Motions to correct clerical errors (ECF Nos. 974, 978)**

Defendant filed two motions requesting that the Court correct the restitution amount in his judgment because they are "clerical errors." (ECF No. 974, PageID.8406 ("Motion under Rule 36 to correct clerical errors on the original judgment in lieu of May 23, 2013."); ECF No. 978.)

Defendant appears to believe that there is an error in the restitution amount of $1,204,862.62. (ECF No. 974, PageID.8408; ECF No. 978, PageID.8422–8423.) He moves for relief under Federal Rule of Criminal Procedure 36, which states, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." As set forth by the Sixth Circuit, "[t]hough 'clerical' isn't defined by the rule, a trial can correct errors that are 'merely of recitation, of the sort that a clerk might commit.'" *United States v. Karasarides*, 159 F.4th 972, 1001 (6th Cir. 2025) (quoting *United States v. Carr*, 421 F.3d 425, 433 (6th Cir. 2005));

*see also United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (Rule 36 applies to "clerical errors, oversights, and omissions"). Generally, a clerical error under Rule 36 includes typographical errors, such as a misspelling of a name, or a discrepancy between what had been orally discussed at a hearing and the written order. *See Karasarides*, 159 F.4th at 1001; *Carr*, 421 F.3d at 433.

Defendant's request does not constitute a clerical error such that relief could be granted under Rule 36. He asserts that the "error" in his restitution amount arose because his former attorney "waived multiple objection on Mr. Darwich's Behalf intentionally and discriminately and ineffectively," (ECF No. 974, PageID.8406) and the Court "violate[d] Mr. Darwich due process." (*Id.* at PageID.8408.) He also claims that the judgment in his case has an error because of sealed orders entered over four years after the judgment. (ECF No. 978, PageID.8422–8423.) Defendant appears to argue that the "error" in his restitution amount violates the law and is beyond a simple clerical error that could be corrected under Rule 36. As set forth previously in a prior Order resolving a similar Rule 36 motion filed by Defendant, "Defendant has not identified any clerical error or omission, but rather challenges the

substance of the court's restitution and sentencing calculation." *United States v. Darwich*, No. 10-CR-20705, 2019 WL 8688654, at *2 (E.D. Mich. Oct. 30, 2019).

As such, the Court construes his motions to correct clerical errors under Rule 36 as a second or successive motion under 28 U.S.C. § 2255. *See id.* (construing Defendant's Rule 36 motion on restitution as a § 2255 motion); (ECF No. 832 (Order from the Sixth Circuit stating that the district court "properly transferred the motion [requesting relief under Rule 36] to this court as a second or successive § 2255 motion"); *see also* ECF Nos. 831, 906 (transferring Defendant's previous motions under Rule 36 to the Sixth Circuit as a second or successive § 2255 motion).) Defendant has not received a certification "as provided in section 2244 by a panel of the appropriate court of appeals" for his second or successive § 2255 motion. 28 U.S.C. § 2255(h). Accordingly, the Court transfers these motions to the Sixth Circuit.

## V. Conclusion

For the reasons set forth above, Defendant's motion to appoint counsel and for recusal are DENIED (ECF Nos. 972, 973), and his motions to correct "clerical errors" are TRANSFERRED to the Sixth

Circuit as second or successive motions under 28 U.S.C. § 2255. (ECF Nos. 974, 978.)

IT IS SO ORDERED.

Dated: September 2, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 2, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager